THE STATE OF NEW JERSEY, COMPLAINANTS *vs.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS.

The subpœna issued on the filing of a bill in which the state of New Jersey were complainants, and the state of New York were defendants, was served upon the governor and attorney general of New York sixty days before the return day, the day of the service and return inclusive. A second subpœna issued, which was served on the governor of New York only, the attorney general being absent. There was no appearance by the state of New York.

*By the Court:* This is not like the case of several defendants, where a service on one might be good, though not on another. Here the service prescribed by the rule is to be on the governor, and on the attorney general. A service on one is not sufficient to entitle the court to proceed.

Upon an application by the counsel for the state of New Jersey, that a day might be assigned to argue the question of the jurisdiction of this court to proceed in the case, the court said they had no difficulty in assigning a day. It might be as well to give notice to the state of New York, as they might employ counsel in the interim. If, indeed, the argument should be merely ex parte, the court could not feel bound by its decision; if the state of New York desired to have the question again argued.

A notice was given by the solicitors for the state of New Jersey to the governor of the state of New York, dated the 12th of January 1830, stating that a bill had been filed on the equity side of the supreme court, by the state of New Jersey, against the people of the state of New York, and that on the 13th of February following, the court would be moved in the case for such order as the court might deem proper, &c. Afterwards, on the day appointed, no counsel having appeared for the state of New York, on the motion of the counsel for the state of New Jersey, for a subpœna to be served on the governor and attorney general of the state of New York; the court said: as no counsel appears to argue the motion on the part of the state of New York, and the precedent for granting it has been established, upon very grave and solemn argument, the court do not require an ex parte argument in favor of their authority to grant the subpœna, but will follow the precedent heretofore established. The state of New York will be at liberty to contest the proceeding at a future time in the course of the cause, if they shall choose so to do.

A BILL was filed on the equity side of the court, by the state of New Jersey, on the 20th of February 1829, against the people of the state of New York; and on motion of Mr Wirt for the complainants, a subpœna was awarded by the court on the 16th of March 1829. The writ issued on the 26th of May 1829. A copy of the subpœna and of the bill

was served on the attorney general of New York, personally, on the 5th day of June 1829, by the marshal of the southern district of New York, and on the acting governor of the state, by transmitting the same to him by letter. The acting governor acknowledged " due service of the same," by an indorsement on the subpœna, signed by him on the 5th day of June 1829.

The subpœna was returnable on the first Monday in August 1829, being the third day of that month, and fifty-nine days after the service. And no appearance having been entered for the defendants, on the 6th of October 1829 an alias subpœna was issued, returnable to January term 1830. This writ was served on the acting governor of New York on the 9th of November 1829, sixty-one days before the term, by delivering a true copy of the same to him. The marshal of the southern district of New York returned, as to the attorney general of New York, " the attorney general of New York, Green C. Bronson, Esq. not found, being absent, and not within my district."

Together with the alias subpœna, there was served on the acting governor of the state of New York, in the manner before stated, a notice signed by the solicitor for the complainants, in the following terms:

" To Enos T. Throop, Esquire, governor of the state of New York.

" By virtue of a writ of subpœna to you directed and herewith shown, you are required to be and appear, on behalf of the people of the state of New York, before the supreme court of the United States holding pleas in equity, on the second Monday in January next, at the city of Washington, in the district of Columbia, being the present seat of the national government of the United States, to answer concerning those things which shall be objected to the said state in a bill in equity now depending in the said court, wherein the state of New Jersey is complainant, and the people of the state of New York are defendants, to do and receive, on behalf of the said state of New York, what further the said court shall have considered in this behalf.

And this you may in no wise omit, under the penalty of five hundred dollars, dated the first Monday of August, in the year of our Lord 1829."

A similar notice was issued, directed to the attorney general of New York, but was not served upon him.

No appearance having been filed on the 12th of January 1830, Mr Southard, attorney general of New Jersey, and Mr Wirt, solicitors for the complainants, addressed to the governor of the state and the attorney general of New York the following letter:

" A bill having been filed on the equity side of the supreme court of the United States, by the state of New Jersey against the people of the state of New York, a copy whereof, with the usual and regular process of subpœna to appear and answer the said bill, having been duly served upon you, and you having failed to appear on the return day of the said process, notice is hereby respectfully given to you, that we, as solicitors for the state of New Jersey, complainant in the said bill, will move the said supreme court of the United States, on Saturday the 13th of February next, to proceed *ex parte* in the said cause, and to take the said bill pro confesso, and render a decree in conformity with the prayer thereof, according to the rules of practice established in the said court, or for such other order as to the said court may seem meet; unless, on or before the said 13th of February next, you shall have appeared and answered the said bill, or shall show sufficient cause to the contrary."

This letter was delivered to the attorney general of New York, then in the city of Washington, on the 13th of January 1830, and to the governor of the state on the 21st of January 1830.

The motion of the solicitors for the plaintiffs coming on for argument, on the 13th of February 1830; Mr Wirt said, that there are two questions to be presented: the first, whether there had been a sufficient service of the subpœna, supposing the court to have jurisdiction to issue it without an act of congress. The second was, whether such jurisdiction existed.

[State of New Jersey *vs*. The State of New York.]

The first subpœna was served upon the governor and attorney general sixty days before the return day, the day of the service and of the return inclusive. Whether this was sufficient, according to the course of the court, he was desirous to know. The second subpœna was served on the governor only; the attorney general being absent. Was it necessary, to make the service good, that it should be served upon both? Mr Wirt referred to the rules of the court on this subject, particularly the rule adopted in August term 1796.

Mr Chief Justice MARSHALL said, that this was not like the case of several defendants, where a service on one might be good, though not on another. Here the service prescribed by the rule was to be upon the governor and upon the attorney general. A service on one was not sufficient to entitle the court to proceed against the state.

Mr Wirt then said, that he should be glad to have a day assigned to argue the point of jurisdiction, if the court chose, before another subpœna issued; as it might, if decided against the plaintiffs, prevent unnecessary expenses. He would be willing that it should be at so distant a day, as to enable the state of New York to appear and employ counsel. He mentioned three weeks from the day of the application.

Mr Chief Justice Marshall said, the court had no difficulty in assigning that day for the motion. It might be as well to give notice to the state of New York, as they might employ counsel in the interim. If, indeed, the argument should be merely ex parte, the court would not feel bound by its decision; if the state of New York afterward desired to have the question again argued(*a*).

Motion granted, and notice directed.

(*a*). The following letters, addressed by the attorney general of New York to the clerk of the court, dated July 27, 1829, and to the chief justice and the associate justices, dated January 8, 1830, were read during the discussion.

[State of New Jersey *vs.* The State of New York.]

In conformity with the direction of the court, notice of the day appointed for hearing the motion for a subpœna was

*Utica, N. Y. July* 27, 1829.

William Thomas Carroll, Esquire, Clerk of the Supreme Court of the United States.

SIR,

The governor and attorney general of the state of New York were recently served with the copy of a bill in equity, said to have been exhibited in the supreme court of the United States, by "The State of New Jersey *vs.* The People of the State of New York," and with a subpœna in that cause to appear on the first Monday of August next.

I beg leave respectfully to say, that such service is regarded on the part of the state of New York as utterly void; because the mode adopted is unknown to the common law, is not authorised by any statute of the United States, nor warranted by any existing rule or order of the court out of which the process issued. A rule on the subject of the service of process was adopted in August term 1796, 3 Dall. Rep. 320, 335; but this rule, so far as I have observed, has been omitted in every subsequent publication of the rules of the supreme court; and is no doubt obsolete.

Entertaining this view of the subject, it is supposed that no proceeding will be had in the cause, either in vacation or at term, until the court shall have directed the mode of serving such process, and the prescribed course shall have been pursued.

Whether the court has been clothed with power to compel the appearance of a state as defendant in an original suit or proceeding, is a question, among others, which will no doubt receive from that high tribunal all the consideration that its importance demands, before any order shall be made in the premises.

I will thank you to hand this to the court, if the subject shall ever be presented to their consideration, and should any rule or order be made in, or affecting this cause, please send a certified copy, addressed to me at Albany.

I am, Sir, with great respect,

Your obedient servant,

GREEN C. BRONSON,

*Attorney General of New York.*

*Washington City, January* 8, 1830.

To the Honourable the Chief Justice, and his Associate Justices of the Supreme Court of the United States.

A bill has been exhibited in this court by the state of New Jersey, against the people of the state of New York, concerning the boundary line between the two states, and a subpœna to appear and answer, with a copy of the bill, has been served upon the governor of the state of New York. A notice has recently been served, that on the 18th instant the court would be moved to take the bill *pro confesso,* and proceed to a decree for the want of an appearance.

[State of New Jersey *vs*. The State of New York.]

forthwith served on the governor, and on the attorney general of the state of New York; and on the day assigned by the court, the 6th of March 1830, Mr Southard, attorney general of the state of New Jersey, and Mr Wirt, attended as counsel for the complainants. No counsel appeared for the state of New York.

The counsel for the state of New Jersey inquired of the court if they would hear an argument on the motion that a subpœna might issue to be served on the governor and attorney general of the state of New York, stating that they were willing and prepared to go into the same.

Mr Chief Justice MARSHALL said, as no one appears to argue the motion on the part of the state of New York, and the precedent for granting the process has been established upon very grave and solemn argument, in the case of Chisholm *vs*. The State of Georgia, 2 Dall. Rep. 419, and Grayson *vs*. The State of Virginia, 3 Dall. 320, the court do not think it proper to require an ex parte argument in favour of their authority to grant the subpœna, but will follow the precedent heretofore established.

The court are the more disposed to adopt this course, as the state of New York will still be at liberty to contest the

I beg leave respectfully to say, that the opinion is entertained on the part of the state of New York, that this court cannot exercise jurisdiction in such a case, without the authority of an act of congress for carrying into execution that part of the judicial power of the United States which extends to controversies between two or more states.

The governor of the state of New York has made a communication upon the subject of this suit to the legislature now in session; but it has not yet been acted upon, so far as I have been advised. Whether the legislature will authorise any person to appear and discuss the question of jurisdiction; or whether, for the purpose of obtaining a judicial decision upon the merits of an unfortunate controversy, they will order an appearance, waiving the question of jurisdiction, I am, at this time, unable to determine.

I have deemed it proper to make this communication, to explain what might otherwise be supposed a want of respect for this honourable court, on the part of the executive of New York.

             GREEN C. BRONSON,
                 *Attorney General of New York.*

[State of New Jersey vs. The State of New York.]

proceeding at a future time in the course of the cause, if it shall choose to insist upon the objection.

On consideration of the motion made by Messrs Southard and Wirt, solicitors for the complainant in this cause, on Saturday the 13th day of February of the present term of this court, praying the court to postpone the consideration of this cause until Saturday the 6th of March of the present term of this court, with leave to the counsel for the said complainant on that day either to argue the point of jurisdiction, or to move the court for a decree in pursuance of the notice therein recited, or for new process in case the court should determine that the service of the process in this case was not sufficient to entitle the court to proceed against the state of New York, or for such other order as to the court may seem meet: it is considered by the court, that as no one appears to argue this motion on the part of the state of New York, and the precedent has been established in the case of Chisholm's Executors against the State of Georgia, the court do not consider it proper to require an ex parte argument, but will follow the precedent so established after grave and solemn argument. The court is the more disposed to adopt this course, as the state of New York will be at liberty to contest this proceeding at any time in the course of the cause. Whereupon it is ordered by the court that, as the service of the former process in this cause was defective, inasmuch as it was not served sixty days before the return day thereof, as required by the rules of this court, process of subpœna be, and the same is hereby awarded as prayed for by the complainant(a).

(a) The following is a copy of the subpœna awarded by the court:

The president of the United States to the governor and the attorney general of the state of New York, greeting:—For certain causes offered before the supreme court of the United States, holding jurisdiction in equity, you are hereby commanded and strictly enjoined, that, laying all matters aside, and notwithstanding any excuse, you personally be and appear, on behalf of the people of the said state of New York, before the said supreme court, holding jurisdiction in equity, on the first Monday in August next, at the city of Washington, in the

district of Columbia, being the present seat of the national government of the United States, to answer concerning the things which shall then and there be objected to the said state, and to do further and receive on behalf of the said state, what the said supreme court, holding jurisdiction in equity, shall have considered in this behalf; and this you may in no wise omit, under the penalty of five hundred dollars. Witness, the honourable John Marshall, Esquire, chief justice of the said supreme court at Washington city, the second Monday in January, being the 11th day of said month, in the year of our Lord 1830, and of the independence of the United States the fifty-fourth.

WILLIAM THOMAS CARROLL,
*Clerk of the Supreme Court of the United States.*