31 U.S. 323
 6 Pet. 323
 8 L.Ed. 414
 THE STATE OF NEW JERSEY
v.
THE PEOPLE OF THE STATE OF THE YORK.
 January Term, 1832
 
 MR FRELINGHUYSEN, with whom was Mr Wirt, stated, that at the last court an order was made, giving the state of New York leave to appear on the second day of this term and answer the bill of the complainants; and if there should be no appearance, the court would proceed to hear the cause on the part of the complainants, and to decree on the matter of the bill. 5 Peters, 291. Instead of appearing, the state of New York has demurred; and this mode of proceeding is resisted in a written argument, which is now handed to the court.
 Mr Beardsley stated, that he had filed and served the demurrer for the attorney-general of New York. He was not counsel in this cause for New York, nor was any counsel, to his knowledge, in the city who represented that state. The attorney-general was not expected until the argument of the demurrer should come on. As he had filed the demurrer as agent for the attorney-general, he would, with the permission of the court, make a few suggestions.
 He asked if the court would entertain a motion of this kind without notice. The application is to take a paper off the files of the court, not to prevent its being filed. It has been filed. The attorney-general of New York, no doubt, considers the demurrer as an appearance in the cause; although it contains a suggestion that the court has no jurisdiction. Such a suggestion must at all times be unobjectionable, but in this case it was peculiarly proper; as this court, in granting the order of the last term observed, that 'the question of proceeding to a final decree would be considered as not conclusively settled, until the cause should come on to be heard in chief.' The demurrer must have been intended as an appearance; and is one in its terms, as will be seen by a reference to it.
 It may be, that no appearance has been formally entered on the minutes of the clerk: he had not looked at those minutes. The entry of an appearance was mere form; and the filing of a demurrer was ample authority for making such entry, if at all necessary.
 In England, the filing a demurrer is considered as an appearance in the cause. Upon this, the authorities, he supposed, were uniform.
 The terms of the demurrer show that it constitutes an appearance. It asserts that the people of New York are not bound to appear, and insists that they should not be prejudiced by appearing. The conclusion prays 'judgment,' and 'judgment whether any further answer should be required.' This is placing the case upon the judgment of the court; and must be considered, from the very force and meaning of the terms, as an appearance in the cause, and an authority to enter an appearance with the clerk.
 The order of this court, which was granted at last term, was that the people of the state of New York shall 'appear' and 'answer the bill of the complainant.' That is, that they shall appear and defend; and the court, by granting that rule, did not intend to decide on the jurisdiction of the court in the case, or to preclude the defendants from putting in a demurrer, if they thought proper to do so. The order was not intended to discriminate, strictly, between an answer and a demurrer.
 No rules have been established for regulating the course of proceedings in such cases: the English rules may therefore be appealed to and invoked. Why shall not this court permit a demurrer to be filed? And why may not this form be pursued, as well as a plea or answer, setting up matter of fact? The order of the court was not intended to prevent the proceedings in the case being in any form which might be thought proper, in order to present the question of jurisdiction and the merits of the case. A demurrer admits all facts well stated in the bill. Why require an answer, if the defendants are willing to admit the facts alleged? Certainly the plaintiff should not object. In New York, when a bill is filed, and process duly served, the order is to appear and answer; and not that he answer, demur or plead: such he supposed was the order in the English chancery. No one was ever defaulted in such case, by reason of his filing a demurrer or plea instead of an answer. A demurrer is indeed an answer in law, and so strictly and literally within the order.
 If this is the interpretation of the rule granted at last term, the demurrer is a sufficient compliance with the rule. If it requires the signature of a solicitor of this court, as such, it will no doubt have such a signature: it is contended, however, that the signature of the attorney-general, known by the records of the court to be no of its solicitors, is sufficient, although he has not in terms signed as solicitor.
 In a case like this, the signature of the attorney-general, as such, ought to be abundantly suffficient; and indeed it is the only way in which a defence can properly be made. He is the law officer of the state; the sole law officer of the state. Process in this cause was served on him as such law officer. Certainly, then, the plaintiff should not object, that he is not authorised to appear for New York; or that he should have signed as solicitor, and not as attorney-general. He has been recognized by the plaintiff, and by the court, as the proper law officer of New York, to appear and defend this cause.
 But if, by the strict rules of English practice, the filing of the demurrer in its present form is not sufficient, as this is a new and a special case, the court will not enforce the rule without notice; no disrespect on the part of the attorney-general could have been intended. By the English authorities it will be seen that a defendant failing to appear, may appear and demur as well as answer, at any time until affected by process of contempt. 3 Bro. Ch. Cases, 372; 10 Ves. 444.
 Mr Beardsley said he had thus interfered, without having been authorised to act for the state of New York. Having been requested by the attorney-general of New York to deliver the demurrer to the clerk of the court, he had done so: and from his knowledge of the views of the attorney-general, he felt himself at liberty to say, that he designed to appear and argue the demurrer, when reached on the calendar; although he could not at all have anticipated an application like the present. As he had not perused the written argument which had been handed to the court, he could not suppose he had furnished and answer to all its views; he, however, would not trouble the court further.
 Mr Freylinghuysen. The demurrer which is before the court is an insulated paper. No one has been directed by the authorities of New York to appear in this court: and no solicitor has appeared in the cause.
 In truth, the very git of the question which is presented to the court is, whether there has been an appearance in the case. Three years have passed since the institution of this suit; and the first notice which was taken of the proceeding by the state of New York, was by a communication addressed to the court, by the attorney-general of the state, informing the court that the state would not appear. 3 Peters, 461. Now, the period for an appearance and answer has gone by; and instead of an appearance, a paper is filed, stating that the state of New York is not bound to appear. The attorney-general of New York is not known as such, to this court. It can only know the parties or their solicitors; and although he may be a solicitor of the court, yet he cannot be known as a solicitor in the case, unless by his special acknowledgement that he is such. If the gentleman who has addressed the court on behalf of the attorney-general will enter his appearance in the case, the whole of the difficulty will be removed. It is admitted that a demurrer signed by a solicitor of the court, is an appearance in the cause in which it is filed: but this is not that case. This court can only know what was intended, by what has been done: and New York having failed to appear and answer, by the time fixed in the rule, the case must now be put on its merits.
 Mr Chief Justice MARSHALL delivered the opinion of the Court.
 
 
 1
 The court have had the return made in this case under consideration. It considers the demurrer filed in this case by the attorney-general of New York, as being an appearance for the state, he being a practitioner in this court; and therefore, that the demurrer is regularly filed. If the attorney general did not so mean it, it is not a paper which can be considered as in the cause, or be placed on the files of the court. We say this now, that the attorney-general may have due notice, if he did not intend to enter any appearance for the state; it being otherwise a paper not to be received.
 
 
 2
 The demurrer, then, being admitted as containing an appearance by the state, the court is of opinion, that it amounts to a compliance with the order at the last term. In that order, the word 'answer,' is not used in a technical sense, as an answer to the charges in the bill under oath; but an answer, in a more general sense, to the bill. A demurrer is an answer in law to the bill, though not in a technical sense an answer according to the common language of practice.
 
 
 3
 The court, therefore, direct the demurrer to be set down for argument, on the first Monday of March of this term, according to the motion of the plaintiffs.