WOODWORTH v. STONE. See Case No. 18,017.

## Case No. 18,022.
### WOODWORTH v. WEED.
[1 Blatchf. 165;[1] 1 Fish. Pat. Rep. 108.]

Circuit Court, N. D. New York. Oct. Term, 1846.

PATENTS—SALE OF LICENSE—FORFEITURE FOR NON-PAYMENT OF PURCHASE MONEY—INJUNCTION.

1. W. granted to J. a license to use a patented machine, for which J. gave his five promissory notes, payable at different times, and J. agreed, in writing, that if any one of the notes should become due and be unpaid, the license should be void and should revert to W. Held, that the license was forfeited the moment one of the notes became due and was unpaid, and that it was optional with W. to resort to his remedy at common law to enforce the collection of the unpaid note, or to treat the rights of J. as forfeited, and apply for an injunction against the further use of the machine.

[Cited in Goodyear v. Congress Rubber Co., Case No. 5,565; Cohn v. National Rubber Co., Id. 2,968. Approved in Abbett v. Zusi, Id. 7; McKay v. Smith, 29 Fed. 296; Hat Sweat Manuf'g Co. v. Porter, 34 Fed. 747; Washburn & M. Manuf'g Co. v. Cincinnati Barbed Wire Fence Co., 42 Fed. 677.]

2. The stipulation as to forfeiture is to be considered as a double security given by J. to W. for the consideration money.

3. Where, in such a case, W. applied for a provisional injunction, an order was made granting it, unless J. should within 60 days pay to W. the amount of the due and unpaid note, and his costs.

[Cited in Goodyear v. Union India R. Co., Case No. 5,586.]

The plaintiff [William W. Woodworth] filed his bill setting forth that as patentee under the Woodworth patent, as extended for seven years from December 27, 1842 (see the letters patent, etc., in Wilson v. Rousseau, 4 How. [45 U. S.] 658–668), he, on the 3d of July, 1843, entered into an agreement with the defendant [Joseph Weed] under seal, whereby he granted to him a license to construct and use one of the Woodworth planing machines in the town of Ticonderoga, Essex county, for which the defendant agreed to give his promissory notes, in all amounting to $400, two for $50 each and three for $100 each, to be payable at different and specified times; the defendant further agreeing "that in case said notes were not paid when they or either

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

of them fell due, then the said license and permission should be void and the same should revert to said Woodworth." The bill also set forth, that the defendant, soon after making the agreement, constructed one of the machines in the town of Ticonderoga and had ever since had it in use; that he executed and delivered his notes for the several amounts, and payable at the several times specified in the agreement; and that four of the notes, amounting to $300, were due and unpaid. The bill charged that the license and permission to use the machine had become void, and that, according to the terms and conditions of the license, the defendant had no longer any right to use it, and prayed for an injunction to restrain its use. The plaintiff now applied, on the bill, for a provisional injunction. The defendant opposed the application, on affidavits setting forth that he was the owner of a large amount of real property in Essex county, and was worth $10,000 over and above all his liabilities.

William H. Seward, for plaintiff.

David Buel, Jr., for defendant, urged that the plaintiff ought to exhaust his remedy at common law to enforce payment of the notes, before an injunction could issue under the stipulation of forfeiture contained in the agreement.

NELSON, Circuit Justice. From the terms of the agreement the license was forfeited the moment one of the notes became due and was unpaid, and it was optional with the plaintiff to resort to his remedy at common law to enforce the collection of the notes, or to treat the rights of the defendant as forfeited under the stipulation in the agreement. The stipulation is to be considered as a double security given by the defendant to the plaintiff for the payment of the consideration money. An order must be entered granting an injunction, as prayed for in the bill, unless the defendant, within sixty days from the service upon him of a copy of the order, pay to the plaintiff the principal and interest due upon the notes mentioned in the bill, which have already fallen due, and the plaintiff's costs.

[For other cases involving this patent, see note to Bicknell v. Todd, Case No. 1,389.]