## McKay, Trustee, *v.* Smith and others.

### Same *v.* Tucker.

#### (*Circuit Court, D. Massachusetts.* November 27, 1886.)

PATENTS FOR INVENTIONS—BILL IN EQUITY AGAINST LICENSEE—INJUNCTION AND ACCOUNT.

 A bill in equity which sets forth a license to defendants to use certain patents embodied in machines leased to them by plaintiff, the license, providing for payment of license fees, or purchase and use of license stamps, and for rendering accounts, and which alleges failure of defendants in their obligations under the license, and prays for discovery and account, and decree for payment of fees, and an injunction until such payment, shows a cause for equitable relief.

In Equity. Motions to dismiss bills.

*J. J. Myers,* for complainant.

*C. A. Taber* and *P. E. Tucker,* for defendants.

COLT, J. In these two cases the bills are substantially alike. The defendants have filed a motion to dismiss in each case on the ground that the plaintiff has a plain, adequate, and complete remedy at law. The bills set forth a license to the defendants to use certain patents embodied in machines leased to the defendants. The license provides, among other things, that the licensee shall pay the sum of 10 cents for every pair of shoes made by the aid of the machines, or by the use of the patents, or any of them, or instead thereof he shall purchase and affix to every pair of shoes a license stamp of a value to be determined by reference to a schedule attached to and forming part of the license. The licensee agrees to keep an account of the shoes made, and to render an account every six months to the licenser. It was also agreed that the license shall continue until the expiration of all the patents, or any extensions or renewals of the same. The bills allege that the defendants have continued to use the machines,

making many pairs of shoes monthly; and that since August or September, 1881, they have wholly neglected to purchase and affix stamps to the shoes made by the machines, and that they have refused to pay any license fees, neglected to render any accounts, and that they have removed from the machines the indicator registering the amount of work done. The prayer of the bills is for discovery and account; also that the defendants may be decreed to pay the license fees found due, and that they may be enjoined from using the machines until they have paid the amount found due under the license.

The only question raised by these motions to dismiss is whether, upon the allegations contained in the bills, the plaintiff has made a case cognizable in a court of equity, or whether his proper remedy is at law. I think the plaintiff has brought himself within recognized grounds of equitable jurisdiction, and that the motions should be denied. The bills not only pray for discovery and account, which of themselves might be deemed insufficient in this class of cases, but they also pray for an injunction against the use of machines embodying patents which are unexpired. Bills of this character have frequently been sustained by the courts. *Goodyear* v. *Congress Rubber Co.*, 3 Blatchf. 449; *Woodworth* v. *Weed*, 1 Blatchf. 165; *Wilson* v. *Sherman*, Id. 536; *Eureka Co.* v. *Bailey Co.*, 11 Wall. 488; *Magic Ruffle Co.* v. *Elm City Co.*, 13 Blatchf. 151; *White* v. *Lee*, 3 Fed. Rep. 222; *Nesmith* v. *Calvert*, 1 Wood & M. 34. In *Crandall* v. *Plano Co.*, 24 Fed. Rep. 738, and in *Perkins* v. *Hendryx*, 23 Fed. Rep. 418, no injunction was asked for.

Motions denied.