BALL GLOVE FASTENING CO. *v.* BALL & SOCKET FASTENER CO.

*(Circuit Court, D. Massachusetts.* August 16, 1888.)

**1. PATENTS FOR INVENTIONS—ACTIONS FOR INFRINGEMENT — EQUITY—JURISDICTION.**

Equity has jurisdiction of a bill by the owner of a patent to obtain an account of royalties due from a licensee, and an injunction against using the patent in defiance of the agreement of license.

**2. SAME—INFRINGEMENT—GLOVE FASTENERS.**

Claims 2 and 4 of letters patent Nos. 290,067 and 306,021, for improvements in glove fasteners, consisting of the combination of a stud formed into a ball at its upper end, and extending through and connecting two disks, one above and one below the flap of the glove, with a ring having two elastic flanges or jaws, and a separate hood having two ears extending from its base ring, are infringed by a device having the same button member, and substantially the same button-hole member, with only immaterial differences in connecting the hood and flanged ring, and in the position of the flanges or jaws.

In Equity. On bill for an injunction and account.

*John R. Bennett* and *W. B. H. Dowse,* for complainant. *T. W. Clarke,* for defendant.

COLT, J. The bill in this case prays for an injunction, as well as an account against the defendant. It seems to me that this is sufficient to give a court of equity jurisdiction, though the defendant is a mere licensee; and it has been so held. *McKay* v. *Smith,* 29 Fed. Rep. 295; *Hat Sweat Co.* v. *Porter,* 34 Fed. Rep. 745; *Seibert Co.* v. *Manning,* 32 Fed. Rep. 625. The defendant company is the sole licensee of the complainant of three patents granted to Edwin J. Kraetzer for improvements in glove fasteners. The license contract was dated March 21, 1885, and is still in force. The present suit is for an account of the royalties due under the agreement, and an injunction, meantime, to restrain the defendant from using the patents in defiance of the agreement. Under these circumstances, the defendant cannot and does not deny the validity of the Kraetzer patents, but the defense of non-infringement is brought forward and relied upon.

The complainant insists that the defendant's fastener is an infringement of the second claim of Kraetzer patent No. 290,067, and the fourth claim of Kraetzer patent No. 306,021. These claims are as follows:

"(2) The combination of a catch, consisting of an inner and an outer plate, a stud connecting said plates, and a shank attached to the outer plate provided with a ball and a spring-flanged eyelet, adapted to receive the ball of said catch, substantially as described."

"(4) The combination of the two disks, B, and C, and the knob, A, having its shank extended through them and upset at its end against the lower of them, with an entire ring provided with two elastic flanges or jaws, and with a separate hood having two ears extending from its base-ring, as described, and between the said flanges or jaws, and bent against the ring, all being substantially as set forth."

The complainant's fastener, made under the Kraetzer patents, is composed of two parts,—a button member secured to the under flap of a

glove, and a flexible button-hole member secured to the upper flap, and adapted to be pressed down upon the stud of the button member, which it grasps in the jaws of its flanged ring socket.   The button member consists of three parts,—a solid stud or knob formed into a ball at its upper end, and having a shank extending through two disks, one above and one below the flap of the glove, the shank being upset at its lower end upon the lower disk.   The button-hole member consists of a cap or hood separate from the socket proper, and having two projections or ears, a flanged ring having two elastic flanges or jaws, adapted to yield or spring over the enlarged head or stud, and clasp it around its neck.   The button member of defendant's device seems almost identical with the Kraetzer.   The button-hole member of defendant's device is substantially like that of Kraetzer.   It has a separate cap or hood on the upper surface of the flap, and a flanged ring on the under surface, having two projecting jaws to slip over and embrace the head of the knob or stud in the same place described by Kraetzer.   The differences of connection in the two devices of the hood and the flanged ring, or the different positions of the flanges or jaws, are immaterial.   The whole substance of the Kraetzer invention is found in defendant's device.   Nor does the prior state of the art so limit the Kraetzer patents that the defendant should go free, because the Kraetzer patents should not be limited to the exact forms found described in the specifications; and the defendant should not be permitted to escape by making colorable or immaterial changes in construction while retaining all the vital parts of Kraetzer's improvements. Motion for injunction is granted.