COMPTOGRAPH CO. v. BURROUGHS ADDING MACH. CO.

(Circuit Court, N. D. Illinois, E. D. January 3, 1910.)

No. 28,782.

1. PATENTS (§ 214*)—LICENSES—REVOCATION.

The action of a licensee under a patent in assisting an adverse litigant to defeat the patent does not amount to a repudiation or abandonment of the license contract, nor afford ground for the revocation of the license by the licensor, and, until its cancellation by a court in a suit brought for the purpose, it protects the licensee from a suit for infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 321–327; Dec. Dig. § 214.*]

2. PATENTS (§ 214*)—ABANDONMENT OF LICENSE—ACQUIESCENCE.

Acquiescence in a declaration of abandonment of a patent license, promptly given by the licensor upon the doing of the acts alleged to constitute repudiation by the licensee, is not shown by the failure of the licensee to make any response to such declaration.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 321–327; Dec. Dig. § 214.*]

In Equity. Suit by the Comptograph Company against the Burroughs Adding Machine Company. Plea sustained.

John W. Munday, for complainant.

Rector, Hibben & Davis, for defendant.

KOHLSAAT, Circuit Judge, and SANBORN, District Judge. This cause is now before the court upon plea to the bill setting up a license, to which replication was duly filed, and upon the evidence and other record presented with reference thereto.

The original bill charges infringement of patent No. 628,176, granted to Dorr E. Felt on July 4, 1899, for a tabulating machine. Answer is made as to claims 3 and 11 to 27 of the patent both inclusive. These claims are, however, withdrawn from consideration. The plea is to claims 1, 2, 4, 5, 6, 7, 8, and 10, thereof, and to all of said claims except such as "relates to mechanism for automatically returning the paper and for automatically locking the machine when the bottom of the paper is reached." Substantially, the only question presented is: Was there a license in force at the date of the filing of the bill? The court is not now asked to annul the license, if one shall be found to exist.

The facts as shown by the record are as follows, viz.: Some time prior to January 29, 1904, the American Arithmometer Company of Missouri, to which defendant is successor, had been engaged in manufacturing and selling adding machines claimed by complainant to embody the invention of the patent in suit and to be an infringement thereof. On said 20th day of January, 1904, for the purpose of adjusting their differences, said parties, the complainant and defendant's assignor aforesaid, entered into a written agreement, whereby, on the payment of $5,000, said American Arithmometer Company was discharged from all demands growing out of the manufacture and sale of adding machines by it, and was given permission to close out all its stock of machines on hand January 20, 1904, and also to use and sell each and all of said machines "under said letters patent, for the full term thereof without further charge." Said arithmometer company were also given the exclusive right to make, use, and sell machines embodying the invention of the patent in suit for the full term of the patent and all extensions thereof, with certain reservations not now necessary to be considered. It was further therein provided that the arithmometer company shall pay royalties as follows, viz.: $1 on each machine manufactured by it prior to the final determination of the first suit to be begun against an infringer by complainant; $10 on each machine made after final adjudication confirming patent, up to $200,000; thereafter the sum of $5 per machine; $10,000 minimum royalty to be paid by the arithmometer company prior to such final determination and prior to December 3, 1905. In the event said letters patent shall be finally adjudicated adversely to the validity thereof, or so construed as to render the patent unavailing to the arithmometer company, the said last-named company "shall have the right to surrender this agreement and license and be relieved of any further obligation thereunder."

Afterwards, and in accordance with the terms of said agreement, a suit was instituted by complainant against the Universal Adding Machine Company impleaded as Universal Accountant Machine Company in this district, in which such proceedings were had that, on appeal to the Circuit Court of Appeals, the Circuit Court decree was reversed and the patent here in question found and ordered to be invalid. That

decision was carried out and stands unappealed from. On the hearing of that cause in the Circuit Court of Appeals, defendant herein, being then a licensee of complainant, asked for and received leave from the Court of Appeals to file a brief, ostensibly as amicus curiæ, against complainant's objection, which brief was filed and was considered by the court. The Universa' Adding Machine Company had, by amendment to answer, chosen to treat the conduct of Felt with regard to his machine covered by the patent there and here in suit as constituting an abandoned invention. The character of the brief amicus curiæ, and the action of counsel upon said hearing, was such that the complainant, by declaration to that effect in a reply brief, notified defendant herein that it elected to consider the license repudiated by him, ended, and terminated. This license was afterwards more formally revoked by registered letter dated January 4, 1907, which reads as follows, viz.:

"Chicago, U. S. A.

"Burroughs Adding Machine Company, Detroit, Mich.—Gentlemen: You will please take notice that the Comptograph Company chooses to consider the license agreement or contract entered into between the said Comptograph Company and the American Arithmometer Company, now known as the Burroughs Adding Machine Company, was rendered void by the conduct of said Burroughs Adding Machine Company in committing a breach of the contract by aiding and abetting the defense in court of the Universal Adding Machine Company, impleaded as the Universal Accountant Machine Company, in the United States Circuit Court of Appeals for the Seventh Circuit at Chicago. You employed counsel—Mr. Edward Rector—to file and he filed a brief and argument in said Court of Appeals opposing the affirmance of the decree of the court below which had sustained the validity of the Felt patent. No. 628,-176, and had held the machine of the defendant therein to be an infringement. This litigation in the United States Circuit Court and the said Court of Appeals was undertaken by the Comptograph Company in pursuance of the aforesaid license agreement or contract and for the benefit of all of the parties to said contract. While the Comptograph Company was thus in good faith making its best endeavors to carry out the provisions of the contract, you thus, by the filing of Mr. Edward Rector's brief and argument, did your best to defeat the said Felt patent and to prevent the carrying out of the Comptograph Company's undertaking under said contract. This we believed and we believe to be a gross breach of the contract on your part, and we elected to consider and do consider the contract for the reason abrogated. We had our counsel notify you in the brief filed in reply to Mr. Rector's brief, that we considered that you had forfeited all rights under the contract by your conduct. We send you the present further notice now only that you may understand that recent developments in the adding machine controversy have not in any way modified or changed our views of your conduct or our attitude with respect thereto.

"You will further please take notice that we still shall maintain the said Felt patent as a good, valid and subsisting patent, and that the machines manufactured by you are an infringement upon said patent and you will be treated by us as an infringer from and after the date of your aforesaid breach of contract.

"Yours very truly,        Comptograph Company,
                                    "[Signed] H. B. Wyeth, Secretary."

No attention was paid to these notices or declarations by defendant until the filing of the plea now under consideration.

For the purposes of this hearing, the validity of the patent in suit is not raised. There can be no reasonable doubt that defendant by

its counsel assumed a hostile position to complainant in said test suit before the Court of Appeals. It asserted various hostile positions, some of which were not insisted on by the then defendant. It set up title in itself to the Pike patent, No. 595,864, an alleged infringer of the Felt patent in suit. It asserted the Felt patent to be an abandoned experiment. It substantially sided with the original defendant. It charged various acts calculated to invalidate the patent in suit, such as delay, abandonment, the Pike patent as an anticipation, Felt's misrepresentation to the Patent Office—all this in face of the well-known doctrine that a licensee may not be heard to contest the validity of his licensor's patent. "A licensor," says our Court of Appeals in Indiana Mfg. Company v. J. I. Case Threshing Machine Company, 154 Fed. 365, "has the right * * * to appellee's (the licensee's) silence respecting the validity and prima facie scope of the patent." It further appears that it was to defendant's advantage to have the patent declared invalid, since large payments were thereby avoided. Complainant insists that the defendant's course in the former case amounted to both a breach and repudiation of the license contract; that defendant, after said decision, proceeded to ally itself with another infringer and entered upon other alleged infringements; that it has by its silence apparently acquiesced in the annulment of the contract by complainant up to the time of bringing this suit, i. e., more than 18 months; that it has made no attempt to pay royalty, has made no reports, nor has it marked its machines under the patent in suit.

All and each of the foregoing allegations are deemed to be fairly established by the record. The question of breach of the express provisions of the license contract need not be here considered, as all payments by it reserved were duly satisfied up to the time of the adverse ruling in the Court of Appeals. Thus there is presented, not a case of cancellation of license for failure to comply with its terms, but one of alleged repudiation and abandonment by defendant, duly accepted by complainant. Whatever may have been defendant's attitude with regard to the declaration of complainant concurring in what it considered an abandonment and repudiation of the license, at the time it was made, it is apparent now that, if defendant can cover itself with the mere shell of the contract which remains, it cannot be reached by complainant, since, in the absence of such bad faith as complainant alleges, on the hearing, amounting to a repudiation duly accepted, manifestly, by the terms of the contract, it would be immune. It is therefore greatly to defendant's advantage that the license be held to remain in force. The license is set up by way of denying complainant's right to the relief prayed for and "as showing the lawful right in defendant to do what it had done and as a ground for dismissal of the bill, because it had not infringed the patent, notwithstanding it had committed the acts complained of." The question, therefore, is whether the action of defendant in filing its brief in the original case of this complainant against the Universal Adding Machine Company amounted to an abandonment of the contract on its part. The record leaves no doubt in the mind of the court that the defendant, under the guise of amicus curiæ, undertook to and did supply the Universal Company on that hearing with citations from the record and argu-

ments which must have contributed materially to the adverse opinion thereafter rendered by the Court of Appeals. It does not appear that what was done and said was reprehensible otherwise than as coming from a licensee, or one charged with the duty of refraining from taking any action which might militate against the validity of the patent then in suit. A person may not assert rights under a patent as against all save the patentee and at the same time assail the latter's right to assert validity. Defendant's offense here consists in filing a brief, and otherwise manifesting vigorously a desire to have the patent declared invalid, and lending material assistance to that end. It does not appear that any change in the form of the record was undertaken by defendant herein.

It is a familiar rule that a party may not enter into a contract to do or pay something upon the happening of a certain event, and then proceed to make the happening of the condition impossible, and such a course is held to be ground for the cancellation of a contract; but, in the absence of a special condition of the contract to that effect, a licensor cannot by his own act revoke and terminate a license contract. He may file his bill for a rescission, but cannot terminate it by his own declaration, especially when some part of it has been performed. "The law does not arm one party to a contract," says Judge Gray in Standard Dental Mfg. Co. v. National Tooth Co. (C. C.) 95 Fed. 291, "with the power to determine in his own favor a condition of this kind, and thus produce for the other party to the contract all the disabilities and consequences that would follow a forfeiture legally ascertained and declared. Even where the contract provides that the failure to pay shall render it null and void, the defendant has a right to be heard as to the facts upon which such annulment is made to depend. Forfeitures are not favored in equity, and the best-considered decisions hold that even licenses containing express stipulations for their forfeiture are not, ipso facto, forfeited upon condition broken, but remain operative and pleadable until rescinded by a court of equity."

In Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357, the court says:

"* * * * We do not agree that either party can of his own volition declare the contract rescinded, and proceed precisely as if nothing had been done under it. If it is to be rescinded, it can be done only by a mutual agreement, or by the decree of a court of justice."

The same rule is held to in Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344, and in Hanifen v. Lupton (C. C.) 95 Fed. 465, and McMullen v. Bowers, 102 Fed. 494, 42 C. C. A. 470.

We hold, therefore, that the license contract was not made void by the several acts of the parties thereto as above recited, that it is still in force, and that the plea which is hereby held to constitute a valid defense to the bill should be and is sustained. It may be that, as above suggested, the court would, under a bill framed for that purpose, have jurisdiction to annul or rescind the contract should the facts justify such action, since there exists the necessary diversity of citizenship. Inasmuch, however, as a decree of annulment would take effect as of the date thereof, it is evident that no infringement could be shown as

of the date of filing the bill, since any act done by defendant in respect to the patent in suit was done under the then existing license.

It is therefore our opinion that no suit can be maintained under the provisions of the patent act until the license has been annulled by decree of court.