## UNIVERSAL RIM CO. v. GENERAL MOTORS CORPORATION et al.

Circuit Court of Appeals, Sixth Circuit.
April 9, 1929.

No. 5082.

Arthur Wm. Nelson, of Chicago, Ill. (Edward N. Pagelsen, of Detroit, Mich., on the brief), for appellant.

Lewis W. McCandless, of Detroit, Mich. (Stevenson, Butzel, Eaman & Long, of Detroit, Mich., and Rector, Hibben, Davis & Macauley, of Chicago, Ill., on the brief), for appellees.

Before DENISON and MOORMAN, Circuit Judges, and ANDERSON, District Judge.

MOORMAN, Circuit Judge. ▮ There is no merit in the contention that the court should not have permitted the defendants to file a motion to dismiss, but should have required the filing of an answer. The term "answer," as used in the stipulation giving defendants additional time for filing answer, is to be construed, we think, to include a motion to dismiss. New Jersey v. New York, 31 U. S. (6 Pet.) 323, 8 L. Ed. 414; Martin v. Baltimore & O. R. Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311. Besides, a trial court can look to the sufficiency of a bill on its own motion, at any time, even after answer is filed.

The bill is based upon alleged violations of license agreements which grew out of the settlement of a suit against defendants for the infringement of certain patents. These agreements were alleged to have been violated in two particulars: One, in manufacturing and selling the patented construction without paying the royalties thereon; and, the other, in refusing to arbitrate disputes arising under the agreements, as required by one of the provisions thereof.

The defendants are not obligated under these agreements to manufacture or sell the patented article. If they do sell it they are bound to pay a stipulated royalty. The bill alleges that the license agreements are still

in effect. It asks that defendants be restrained from further operating under them until they have paid royalties, losses and damages that are past due, and except upon the condition that they perform the terms and conditions thereof in the future. The conditions which it seeks to have performed are those relating to the payment of royalties and the submission of disputes in regard thereto to arbitration. It is alleged, it is true, that defendants had not complied in other respects with the terms of the agreements, but no facts are stated showing such noncompliance.

■ If it be true, as alleged, that defendants failed to account for royalties which were due to plaintiff, there was undoubtedly a breach of a contractual obligation which conferred a right of action upon the plaintiff. If the breach went to the whole consideration of the contract, the plaintiff had the right either to treat the contract as rescinded and to sue the defendants as infringers or to sue upon the contract itself. *Oscar Barnett Foundry Co. v. Crowe* (C. C. A.) 219 F. 450. The averments of its bill show that it elected to pursue the latter course. Here also it had dual rights—the right to sue at law or the right to sue in equity for specific performance if there was no adequate remedy at law. *Indiana Mfg. Co. v. Nichols & Shepard Co.* (C. C.) 190 F. 579. As we have said, the gist of its complaint is the failure to pay royalties that have been earned. What it seeks is to collect those royalties and secure those to be earned in the future. The claims for past royalties, for losses and for damages are matters for which there is a complete remedy at law. *Javierre v. Central Altagracia*, 217 U. S. 502, 30 S. Ct. 598, 54 L. Ed. 859. And, while the bill alleges that defendant has threatened and will continue to manufacture and sell the patented articles in the future, without paying the royalties thereon, it contains no allegations of fact showing that for such action there is not an adequate legal remedy. The averment that plaintiff will suffer irreparable injury if the injunction is not issued is a conclusion of the pleader, which does not constitute ground for equitable relief unless it is made to appear from the facts that are pleaded. *Cruickshank v. Bidwell*, 176 U. S. 73, 20 S. Ct. 280, 44 L. Ed. 377.

■ The remaining provision which is alleged to have been breached is the arbitration provision. It contains nothing providing for arbitration as a condition precedent to the bringing of an action. The extent of the enforceability of such provisions has often been the subject of judicial consideration.[1] We find no reason for dealing with the question here. It is enough to say that a court of equity will give no greater effect to that provision of a contract than it will give to other valid provisions.

■ We are aware that it has been held that a bill in equity will lie against a licensee to enjoin him from using the patented articles in violation of the license agreement. Those cases[2] proceed in the main upon the theory that there is not an adequate legal remedy. Most of them may be distinguished from the case at bar upon one ground or another. An example is *Indiana Manufacturing Co. v. J. I. Case Threshing Machine Co.* (C. C. A.) 154 F. 365, where the court treated the license agreement as having terminated and allowed an injunction and accounting against the licensee as an infringer. The present case has different aspects. It presents nothing but whether certain constructions come within the royalty provisions of the agreements, and nothing in fact is involved except the agreed royalties. It is not a suit for infringement but a suit upon a license agreement, jurisdiction being invoked upon the ground of diversity of citizenship. In such case there must be a lack of legal remedy before equity will take hold. This was not shown.

■ Although the bill did not show grounds for equitable relief, it does not follow that it should have been dismissed without prejudice to plaintiff's right to bring an action at law. If the facts stated were true, plaintiff had a cause of action at law for a part of the relief which it sought; and while, under Equity Rule No. 22, the court should transfer a cause on its own motion to the law side

[1] Exhaustive reviews of the English and American cases are contained in the following decisions: United States Asphalt Refining Co. v. Trinidad Lake Petroleum Co. (D. C.) 222 F. 1006; Atlantic Fruit Co. v. Red Cross Line (D. C.) 276 F. 319; Tatsuuma Kisen Kabushiki Kaisha v. Prescott (C. C. A.) 4 F. (2d) 670; Hamilton v. Home Insurance Co., 137 U. S. 370, 11 S. Ct. 133, 34 L. Ed. 708; Red Cross Line v. Atlantic Fruit Co., 264 U. S. 109, 44 S. Ct. 274, 68 L. Ed. 582.

[2] Compare Atwood v. Portland Co. (C. C.) 10 F. 283; McKay v. Smith (C. C.) 29 F. 295; Ball Glove Fastening Co. v. Ball & Socket Fastener Co. (C. C.) 36 F. 309; Indiana Mfg. Co. v. J. I. Case Threshing Machine Co. (C. C. A.) 154 F. 365; Thomson Spot Welder Co. v. National Electric Welder Co. (D. C.) 260 F. 223; Shubert Theatrical Co. v. Rath (C. C.) 271 F. 827, 20 A. L. R. 846; Universal Rim Co. v. Scott (D. C.) 21 F. (2d) 346; Eureka Clothes Wringing Mach. Co. v. Bailey Washing & W. Mach. Co., 78 U. S. (11 Wall.) 488, 20 L. Ed. 209.

of the docket, when the whole situation can be adequately met by relief at law. [Wineman & Sons v. Reeves (C. C. A.) 245 F. 254; Equitable Trust Co. of New York v. Denver & R. G. R. Co. (C. C. A.) 250 F. 327; Pierce v. National Bank of Commerce (C. C. A.) 268 F. 487; Investors' Guaranty Corporation v. Luikart (C. C. A.) 5 F.(2d) 793], yet, when relief having legal equivalency has been sought by a plaintiff only in connection with relief exclusively equitable (here damages for the past and an injunction for the future), it is for the plaintiff to say whether he wishes to maintain in a court of law a suit for only that relief which he can get in that court.

The decree below is set aside, and the case remanded, without costs, in order that plaintiff may have an opportunity to elect whenever it wishes such a transfer as it may have under Rule 22.