### RUBY v. EBSARY GYPSUM CO., Inc.

District Court, W. D. New York. September 20, 1929.

John S. Powers, of Buffalo, N. Y. (Frank E. Liverance, Jr., of Grand Rapids, Mich., of counsel), for plaintiff.

Abbott, Rippey & Hutchins, of Rochester, N. Y. (Harland W. Rippey, of Rochester, N. Y., and Lawrence Bristol, of New York City, of counsel), for defendant.

HAZEL, District Judge. This action was brought to enjoin infringement of four patents by defendant, to decree cancellation and termination of various license agreements between plaintiff and defendant, for accounting for unpaid royalties, and damages and profits arising from infringement. The bill avers that on January 1, 1928, the license agreements to use the patented inventions were repudiated by defendant, and that, owing to its failure to make required reports and pay agreed royalties, plaintiff consented to cancellation; that diversity of citizenship exists, and that the jurisdictional amount is involved. The prayer of the bill asks, first, for a decree confirming cancellation of the license agreements and accounting for royalties; and, second, for relief from infringements after plaintiff's repudiation of the licenses.

Defendant moves to dismiss the bill in its entirety for failure to state a cause of action in equity—specifically, that the suit for infringement has been prematurely brought; that the licenses continue in force, regardless of defendant's failure to pay royalties and plaintiff's notice of cancellation; and, generally, that plaintiff has a plain, adequate, and complete remedy at law.

■■ Since the gravamen of the bill in its dual aspect apparently is to confirm by judicial decree the cancellation of the licenses, and for injunction from subsequent infringement, I deem the action to be within the jurisdiction of the court. It arises under the patent laws, and plaintiff, in my opinion, rightly invokes the aid of a court of equity. The averments of the bill, which on this motion must be taken to be true, are rightly distinguishable from the facts in Luckett v. Delpark, 270 U. S. 496, 46 S. Ct. 397, 70 L. Ed. 703, cited by defendant. In that case the principal object of the bill was to enforce the contract for royalties under a license agreement or recover damages for breach of covenants, to declare forfeiture of the license, for reconveyance of an assigned patent, and injunction from anticipated infringement. Though a diversity of citizenship existed, the action was not brought in the district of the residence of either plaintiff or defendant. The court ruled that the suit was on contract, and that joining other demands for relief did not bring the case within the federal jurisdiction.

In the instant case we are dealing with an action primarily for infringement after repudiation by defendant of the license agreement, for judicial cancellation of the licenses, and, incidentally, to recover royalties maturing prior to the repudiation. Since the action is brought by plaintiff, a citizen of another state, in the district of the residence of defendant, it is, in my opinion, distinguishable from Luckett v. Delpark.

Of course, if defendant denies that the license agreement has terminated for failure to pay royalties, and the denial is sustained at the trial, the action for infringement must fail. This phase of the controversy depends entirely upon whether the license terminated by agreement of the parties, or by implication, or by the acts of repudiation of the entire agreement by defendant at the time specified in the bill. See Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953. If no repudiation arose from failure to pay royalties or from any other causes or differences, and the turn of events simply shows failure to pay royalties for which an accounting is asked, then, under general rule 22, the controversy may be sent to the law side of the court, or retained under rule 23. The various matters presented in the bill, viz. prolonged failure to pay royalties at specified periods, repudiation of the license agreement, concurrence by plaintiff as evidenced by his notice to the defendant that he elected to rescind, and infringement of the patents thereafter, are all matters arising out of the same transaction, and whether they are jointly cognizable in equity cannot now be decided. ■ The various adjudications cited by defendant in opposition to retaining jurisdiction do not, in my opinion, support its contentions. In American Graphaphone Co. v. Victor Talking Machine Co. (C. C.) 188 F. 431, for example, the court held that a license for patent cannot be terminated until expiration of the term, except by mutual consent of the parties on-adjudication by the court. This principle would seem more nearly to support the position of the plaintiff. It is not claimed here that the license was ipso facto forfeited, since, as stated, the bill asks for cancellation upon failure of de-

246

fendant to pay royalties and plaintiff's consent to termination. It is not a matter of mere notice of plaintiff to end the agreement; but, where a breach of a license agreement affects the entire consideration of the contract, as no doubt does prolonged failure to pay agreed royalties, then the licensor has the right at his election to rescind the contract. But the rule is otherwise, if the breach relates to a portion of the license agreement which is "subordinate and incidental to the main purpose of the contract." Barnett Foundry Co. v. Crowe (C. C. A.) 219 F. 450. In that case the grounds for rescission—an election to rescind on notice—were based upon the failure of the licensee to make returns as agreed and pay the stipulated royalties. The licensee stopped manufacturing under the contract, whereupon plaintiff notified defendant that the contract was rescinded, and the learned court held that such a breach went to the entire consideration, and that complainant's notice affected the rescission and termination of the contract from the time it was given. And in Hat-Sweat Mfg. Co. v. Porter (C. C.) 34 F. 745, it was ruled that, upon the licensee refusing to fulfill any part of the agreement, such as paying royalties and rendering monthly accounts, but continuing to use the patents, complainant had no adequate remedy at law, and injunction would lie. See, also, Indiana Mfg. Co. v. J. I. Case Threshing Machine Co. (C. C. A.) 154 F. 365; McKay v. Smith (C. C.) 29 F. 295.

■■ There are many adjudications of similar import. It is therefore considered well established that, if plaintiff's averments are substantiated by the proofs, he may restrain the use of the licensed patents by defendant, and have an accounting for back royalties, as well as injunctive relief arising from infringement of the patents following repudiation and rescission. Plaintiff could not on his own volition rescind the contract, but he has the right to set forth the facts upon which he bases his election to cancel, and request judicial determination thereon. Comptograph Co. v. Burroughs Co. (C. C.) 175 F. 787; Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357.

In view of the amendment to the bill, filed since the hearing, other objections to its validity are overruled. The motion of defendant to dismiss the bill is denied.

Since the foregoing was written, defendant's reply brief has been considered, but I discover nothing in the citations to persuade me to a different conclusion. The decision of Judge Taylor in the action by the defendant against the plaintiff here for breach of license agreement, holding that the Supreme Court has jurisdiction of the subject-matter, even though letters patent are involved, likewise does not at this time estop the pending action in this court or require a dismissal of the bill.