**AMERICAN CHAIN CO., Inc., v. TURNER et al.**

No. 286.

District Court, S. D. Ohio, W. D.

Sept. 1, 1931.

Paxton & Seasongood, of Cincinnati, Ohio, and Frederick S. Duncan, of New York City, for plaintiff.

Newton D. Baker, of Cleveland, Ohio, Hubert C. Pontius, of Canton, Ohio, and Paul A. Staley, John M. Cole, and Lawrence E. Laybourne, all of Springfield, Ohio, for defendants.

NEVIN, District Judge.

This cause is now before the court on a motion filed by the defendants for an order of court either (1) to dismiss the bill of complaint, or (2) transfer the same to the law side of the court under Equity Rule No. 22 (28 USCA § 723). The motion in its two aspects is based upon the general proposition that the bill on its face shows that the court is without equity jurisdiction and that there are no facts alleged sufficient to give a court of equity jurisdiction to grant the relief prayed for.

1. The motion, to the extent that it asks that the bill of complaint be dismissed, is overruled. In the case of Universal Rim Co. v. General Motors Corp., 31 F.(2d) 969, on pages 970, 971 (C. C. A. 6), the Court of Appeals say: "Although the bill did not show grounds for equitable relief, it does not follow that it should have been dismissed without prejudice to plaintiff's right to bring an action at law. * * * It is for the plaintiff to say whether he wishes to maintain in a court of law a suit for only that relief which he can get in that court."

2. The motion, in so far as it asks for an order transferring the cause to the law side of the court under Equity Rule No. 22, is overruled at this time, with leave given to the defendants to renew said motion at a later stage of the proceedings, and with the right retained by the court to transfer the cause on its own motion to the law side of the docket, even though such a motion be not later presented by the defendants, if at a later stage in the proceedings and after the issues have been made up, the court is of the opinion that such a transfer should be made. As stated by the court in the case of O'Keefe v. New Orleans (D. C.) 273 F. 560, 561: "At the present stage of the case the developments are not sufficient to afford a satisfactory and final determination of the questions of fact and law involved."

An order may be drawn accordingly.