## HARTFORD–EMPIRE CO. v. GLENSHAW GLASS CO., Inc.

### No. 2547.

District Court, W. D. Pennsylvania.

Sept. 25, 1931.

See, also, 47 F.Supp. 711.

John M. Freeman, Albert C. Hirsch, and Watson & Freeman, all of Pittsburgh, Pa., for plaintiff.

Wm. B. Jaspert and E. B. Strassburger, both of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This case is now before us on a motion of the defendant to transfer it from the equity side to the law side of this court.

It is averred in the bill of complaint that plaintiff, on March 27, 1923, and continuously since, has been and is the owner of Howard Feeders Nos. 11, 12, 13, 14, 15 and 16; that during said time it was, and is the owner of patent rights including Letters Patent and applications for Letters Patent of the United States relating to the manufacture of glassware under and by virtue of said feeders; that defendant is a manufacturer of glass with a plant located at Glenshaw, Allegheny County, Pennsylvania; that on March 27, 1923, plaintiff entered into license and lease agreements with the defendant whereby plaintiff licensed and leased said feeders to the defendant for a period of eight years, which expired March 27, 1931; that during said time and under said license and lease agreements defendant used said feeders with improvements made thereto, and paid the royalty specified therein; that since March 27, 1931, plaintiff in violation of said license and lease agreements, and in violation of property and patent rights of plaintiff, has continued to use said feeders, and still continues to use the same.

The bill prayed for an injunction, for an accounting, for discovery and for redelivery to plaintiff of said feeders.

The motion now before us was made before the filing of an answer by the defendant. In the consideration of the motion we must necessarily consider as true all the averments of the bill together with the inferences that can be reasonably drawn therefrom.

In our judgment we cannot say at this time that the plaintiff has a plain, adequate and complete remedy at law. On this question see 1 Pomeroy's Equity Jurisprudence, Paragraph 185; McGowin v. Remington, 12 Pa. 56, 51 Am.Dec. 584; Indiana Mfg. Co. v. J. I. Case Threshing Mach. Co., 7 Cir., 154 F. 365; Universal Rim Co. v. Scott, D.C., 21 F.2d 346; Thomson Spot Welder Co. v. National Electric Welder Co. et al., D.C., 260 F. 223; McKay v. Smith et al., C.C., 29 F. 295; Buhl v. Stephens, C.C., 84 F. 922, and Ball Glove Fastening Co. v. Ball & Socket Fastening Co., C.C., 36 F. 309.

On the question of the recent broadening of the common-law remedy by replevin see Dawson v. Kentucky Distilleries Co., 255 U.S. 288, 296, 41 S.Ct. 272, 65 L.Ed. 638, Kellogg v. Schaueble, D.C.,S.D.Miss., 273 F. 1012, 1018, and McGonihay v. Wright, 121 U.S. 201, 206, 7 S.Ct. 940, 30 L.Ed. 932.

The motion is refused.