## ADAMS v. MEYROSE and others.

*(Circuit Court, E. D. Missouri.   May 19, 1881.)*

1. INFRINGEMENT OF PATENT—FORFEITURE OF LICENSE.

   Where the owner of a patent licenses any one to manufacture and sell the patented article, and the license is upon express condition that it shall become void upon failure on the part of the licensee to pay a specified royalty to the licensor, and it is agreed that after breach of condition by the licensee he may be treated as an infringer of the patent if he continues to manufacture or sell the patented article, *held*, that the licensee cannot be treated by the licensor as an infringer, and sued as such in a court of equity, for continuing to manufacture and sell the patented article after breach of condition, and notice to him from the licensor that he claims a forfeiture of the license.

2. SAME—REMEDIES.

   Under circumstances such as are above set forth the owner of the patent may bring his action at law and establish his royalty and recover what is due, or file a bill in chancery and have the license annulled. *Hartell* v. *Tilghman*, 99 U. S. 547.

In Equity.

This is a suit to charge defendants as infringers of a patent.

The bill alleges that complainant is a citizen of Illinois, and that defendants are citizens of Missouri; that complainant is the owner of a patent on an improved lantern; that he licensed defendants to manufac-

ture such lanterns in St. Louis, and sell them throughout the United States, during the life of complainant's patent; that defendants agreed to pay a specified royalty; that the license was upon condition "that if said parties of the second part (defendants) shall fail to keep and perform any of the covenants and agreements herein contained, for 10 days after notice in writing specifying said default, or shall neglect or refuse to make returns, or to make payments for 20 days after the times therefor above specified, the license herein granted shall become null and void, and all rights to use any of said improvements shall be forfeited, and the party of the first part (complainant) may treat them as infringers for any manufacture or sale of said improvements after such forfeiture, and thereupon the parties of the second part shall have no further rights or privileges under this agreement, but shall still remain bound thereby as to all covenants and agreements herein contained, and shall not thereby be discharged from any liability to the party of the first part for any license fees previously accrued." The bill further alleged that defendants failed to pay royalty as agreed, and have not paid any royalty since February 14, 1880; that, upon the failure of defendants to pay said royalty, complainant caused them to be notified that the contract and license would, after the date of the notice, be null and void, in consequence of said breach on the part of defendants; and that defendants, after receiving said notice, continued to make, vend, etc., improved lanterns covered by complainant's patent. Wherefore, complainant prayed that defendants be decreed to account for and pay over to him all gains and profits realized by them from making, using, or vending lanterns having the improvements described in his letters patent, and for damages, and a preliminary and perpetual injunction.

The defendants in their answer admit the validity of complainant's patent, and that they have been licensed as claimed, but deny that there has been any breach of condition on their part, or that the said license is not still in force, and allege a breach on the part of complainant.

*Noble & Orrick,* for complainant.

*Edward J. O'Brien,* for defendant.

TREAT, D. J. The case of *Hartell* v. *Tilghman,* 99 U. S. 547, is conclusive of this case. The plaintiff seeks to charge the defendants as infringers of the patent, despite the contract of license, in consequence of non-compliance with its terms. At first it seemed clear, under the contract, that the suit was well founded; but as the majority of the United States supreme court have taken an adverse view, nothing remains for this court but to dismiss this bill, and remit the plaintiff to the remedies indicated in that decision.

Bill dismissed, without prejudice.