## LUCKETT *v.* DELPARK, INC., ET AL

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY.

No. 220. Argued March 16, 1926.—Decided April 12, 1926.

1. A suit is within the jurisdiction of the District Court, as arising under the patent laws, where the bill seeks an injunction against infringement, with profits and damages, even though it contain averments in denial of an anticipated defense of license or authority

to use the patent. *Hartell* v. *Tilghman*, 99 U. S. 547, qualified. P. 510.

2. But where the main purpose of the bill is to recover royalties under a license or assignment, or damages for breach of covenants, or for specific performance thereof, or to declare a forfeiture of licenses or obtain a reconveyance of an assigned patent for breach of conditions, additional averments of danger that the patent will be infringed after the title has been so restored, coupled with a prayer for an injunction, do not bring the case within the federal jurisdiction. *Wilson* v. *Sandford*, 10 How. 99. Pp. 502, 510.

Affirmed.

APPEAL from a decree of the District Court dismissing the bill for want of jurisdiction in a suit by Luckett, a patent-owner, for an accounting and damages under license agreements, for cancellation of the agreements, injunction against future infringement of the patents, etc.

*Mr. Thomas J. Johnston,* with whom *Messrs. J. Granville Meyers* and *John Milton* were on the brief, for appellant.

Counsel for appellant cited: *White* v. *Rankin,* 144 U. S. 628; *Healy* v. *Sea Gull Mfg. Co.,* 237 U. S. 479; *Wilson* v. *Sanford,* 10 How. 99; *Hartell* v. *Tilghman,* 99 U. S. 547; *Albright* v. *Teas,* 106 U. S. 613; *Dale* v. *Hyatt,* 125 U. S. 46; *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.,* 185 U. S. 282; *Littlefield* v. *Perry,* 21 Wall. 205; *Atherton Co.* v. *Atwood,* 102 Fed. 949; *The Fair* v. *Kohler,* 228 U. S. 22; *Healy* v. *Sea-Gull Specialty Co.,* 237 U. S. 479; *Geneva Furniture Co.* v. *Karpen,* 238 U. S. 254; *Briggs* v. *United Mch. Co.,* 239 U. S. 48. From these cases they deduced the following propositions:

I. Where the suit is based only on a contract concerning patent (or other) rights, whether to enforce the contract, to modify it, to cancel it, or to recover damages for its breach, the suit is not one " touching patent rights," under § 256, par. 5, Judicial Code, and jurisdiction must be maintained, if at all, by reason of diverse citizenship,

or otherwise, under § 24.; subject to the usual restrictions as to residence, etc., of the concurrent jurisdiction found in § 51. That patent rights may or must be incidentally considered does not affect the principle.

II. Where the suit declares for infringement of letters-patent, the jurisdiction of the District Court is not only complete, but exclusive; subject to the residence limitation of § 48.

III. Jurisdiction once attaching is not divested by the fact that contract questions must be decided in the adjudication on the merits.

IV. The merits have nothing to do with jurisdiction. That depends exclusively upon the case stated by the plaintiff.

V. Where the plaintiff pleads jurisdictional facts, an answer interjecting a contractual defense does not divest the jurisdiction; the court must proceed to "hear and determine" all of the issues.

VI. Where the bill pleads patent infringement, an anticipatory negation of a contract defence will not divest jurisdiction.

Distinguishing or repelling *Standard Dental Co.* v. *Natl. Tooth Co.,* 95 Fed. 291; *Amer. Graphophone Co.* v. *Victor,* 188 Fed. 431.

On the authority of the *Excelsior Wooden Pipe Case,* 185 U. S. 282, and *Healy* v. *Sea Gull Mfg. Co.,* 237 U. S. 479, the decree below should be reversed, and the cause remanded to the court below to proceed upon the merits.

*Mr. Archibald Cox* for appellees.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

Philip A. Luckett is a citizen of Connecticut. He brought this bill in equity in the District Court of the United States for the District of New Jersey against Del-

park, a corporation of New York, and against Parker, Ford & Dick, a corporation, formerly known as the Luckett Company, organized in the State of Maryland. Appearing for the purpose of the motion only, the defendants filed a motion to dismiss, because the court was without jurisdiction to entertain the bill. The certificate by the District Court shows its dismissal on that ground, September 17, 1924. This appeal was allowed, November 24, 1924, so that it is maintainable under § 238 of the Judicial Code, in accordance with the saving provision of § 14 of the Act of February 13, 1925, 43 Stat. 942.

Section 51 of the Judicial Code provides that where the jurisdiction is founded on the fact that the action is between citizens of different States, suits shall be brought only in the district of the residence of either the plaintiff or the defendant. The requisite diverse citizenship between the plaintiff and the defendants exists in this suit, but the District of New Jersey is not the district of the residence of either the plaintiff or the defendants. And against defendants' objection, jurisdiction on that ground can not be sustained.

The plaintiff asserts that jurisdiction exists as of a suit under the patent laws under the Judicial Code, § 24, par. 7, § 48 and § 256. Section 48 provides that " in suits for the infringement of letters patent, the District Courts of the United States shall have jurisdiction in law or in equity in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership or corporation, shall have committed acts of infringement and have a regular and established place of business." The question in this case, then, is whether, it being averred that the defendants regularly do business in New Jersey, and have made and sold there the patented articles referred to in the bill, its allegations make the suit one arising under the patent laws.

The bill shows that two patents were issued to Luckett, one on November 12, 1918, No. 1284391, and the other on October 12, 1915, No. 1156301, for a method of making undergarments known as union suits. The later patent, No. 1284391, is averred to be the generic and the broader invention, while the earlier patent, No. 1156301, is a specific and narrower one. After the later patent was applied for, but before it was granted, Luckett gave a non-exclusive license for manufacture and sale of the garments under it to the Delpark corporation. This reserved to Luckett a royalty on all garments manufactured and sold under it, the licensee covenanting to give access to its books of account. A supplementary agreement made the license exclusive. Later, Luckett gave to the other defendant, Parker, Ford & Dick, an assignment of the Letters Patent No. 1156301, under which a particular union suit known as the "My Pal" suit is made, with conditions subsequent that the assignee should pay certain royalties, should keep the accounts open for inspection, and should push vigorously the sale of "My Pal" suits, and with a provision that, if any condition subsequent failed, the title to the letters patent assigned should revert to Luckett, on his giving the assignee thirty days' notice in writing of his election to resume title. All the contracts of license and assignment made by the plaintiff with each of the defendants are attached to the bill as exhibits.

The averments of the bill are that Delpark, Incorporated, has acquired control of the stock of the Parker, Ford & Dick corporation, and the defendants are acting together; that the Delpark corporation refuses to pay to Luckett any royalties due under its exclusive license of the generic patent; that the Parker, Ford & Dick corporation refuses to pay any royalties under plaintiff's assignment to it of the specific patent, and refuses to push the sale of "My Pal" suits; that this refusal is to prevent competition of the "My Pal" suits with the Delpark suits,

and thus deprives plaintiff of royalties on the " My Pal " suits. The plaintiff avers that on November 27, 1918, by notice in writing he cancelled his assignment to the Parker, Ford & Dick corporation, for failure of condition subsequent, and resumed his title to Letters Patent No. 1156301.

The seventeenth paragraph in the bill, and the only one which uses the word " infringement," is as follows:

"(XVII)  And your orator further shows unto your Honors, that Delpark, Incorporated, is a large concern with substantial capital, and ever since the issue of Letters Patent No. 1,284,391 on November 12, 1918, has been actively engaged in the manufacture and sale of the Delpark garment so-called, which infringes the claims of the said Letters Patent and also the claims of Letters Patent No. 1,156,301; and that large numbers of the said garment have been made and sold upon which royalties are now due to your orator, the amount of which he is wholly unable to state with definiteness, but which is far larger than three thousand dollars, exclusive of interest and costs; and that though often requested as hereinbefore set out, no accounting has ever been had between your orator and Delpark, Incorporated, or Parker, Ford & Dick, Inc., either as to royalties due or as to damages for failure to observe the contract to exploit the ' My Pal ' garment."

The plaintiff sets out thirteen prayers for equitable relief. He asks that the defendants file statements of the garments made and sold under both patents containing retail prices at which the garments were sold, in order to show the royalties due; also a statement of the orders received for the " My Pal " garments but not filled, with prices, to show the royalties lost; and that they be compelled to permit access to their books of account. He further prays that the Parker, Ford & Dick Corporation be required to execute a formal reassignment of Letters

Patent No. 1,156,301 to the complainant so as to remove the cloud from his title to that patent, and that an order issue cancelling the licenses and agreements made with both defendants. He prays for damages for suppressing the " My Pal " garment, and the failure properly to exploit it as agreed.

In prayer J, the plaintiff asks that a preliminary injunction issue against both defendants to prevent their making sale or delivery of the so-called Delpark garment or the so-called " My Pal " garment, or any other garment infringing the claims of the two letters patent of the plaintiff, until further order of court. By prayer K, a similar permanent injunction is asked. There is a prayer for an order sending the cause to a master to take and state the account of profits and damages both as to royalties due and accrued, and as to damages for suppression of the " My Pal " garment and to report the same to the court.

We do not think that this suit arises under the patent laws. Its main and declared purpose is to enforce the rights of the plaintiff under his contracts with defendants for royalties and for pushing the sales of " My Pal " garment. In addition he seeks the reconveyance of one patent, on forfeiture for failure of condition, to remove a cloud on his title and a cancellation of all agreements of license of the other, for their breach, in order presumably that, unembarrassed by his assignment and licenses, he may enjoin future infringement.

It is a general rule that a suit by a patentee for royalties under a license or assignment granted by him, or for any remedy in respect of a contract permitting use of the patent is not a suit under the patent laws of the United States, and can not be maintained in a federal court as such. *Wilson* v. *Sandford,* 10 How. 99; *Brown* v. *Shannon,* 20 How. 55; *Hartell* v. *Tilghman,* 99 U. S. 547; *Albright* v. *Teas,* 106 U. S 613; *Dale Tile Manu-*

*facturing Company* v. *Hyatt,* 125 U. S. 46; *Marsh* v. *Nichols, Shepard & Company,* 140 U. S. 344; *Briggs* v. *United Shoe Machinery Company,* 239 U. S. 48.

In *Wilson* v. *Sandford, supra,* a bill in equity was filed in a federal circuit court setting forth complainant's ownership of a patent, an assignment to defendants of a license in consideration of five promissory notes, with a condition of reversion to complainant on failure to pay any note. The bill averred that the first two notes were not paid, insisted that the license was forfeited by the failure and the licensor was fully reinvested at law and in equity with all his original rights, that the defendants were using the patented machine and were infringing the patent, prayed an account of profits since forfeiture, a temporary and permanent injunction, and a reinvestiture of title in the complainant. On demurrer, the bill was dismissed for lack of jurisdiction as not arising under the patent laws. Chief Justice Taney, speaking for the Court, said:

"The rights of the parties depend altogether upon common law and equity principles. The object of the bill is to have the contract set aside and declared to be forfeited; and the prayer is, 'that the appellant's reinvestiture of title to the license granted to the appellees, by reason of the forfeiture of the contract, may be sanctioned by the Court,' and for an injunction. But the injunction he asks for is in consequence of the decree of the Court sanctioning the forfeiture. He alleges no ground for an injunction unless the contract is set aside. And if the case made in the bill was a fit one for relief in equity, it is very clear that whether the contract ought to be declared forfeited or not, in a court of chancery, depended altogether upon rules and principles of equity, and in no degree whatever upon any act of Congress concerning patent rights."

The bill in the present case can not in any respect be distinguished from that in *Wilson* v. *Sandford,* as this

language of the opinion shows. But counsel for the appellant here insists that a new and more liberal rule has been adopted by this Court in later cases, and that the time has now come for recognizing it by taking what he calls the last step.

In the common feature of *Wilson* v. *Sandford* and the case before us, jurisdiction fails because the complainant in his bill seeks forfeiture of licensed rights in equity before he can rely on the patent laws to enjoin infringement of his patent rights and obtain damages therefor. There has been no variation from the authority and effect of the case cited on this point. *New Marshall Co.* v. *Marshall Engine Co.*, 223 U. S. 473, 480. *White* v. *Lee*, 3 Fed. 222; *Adams* v. *Meyrose*, 7 Fed. 208; *Standard Dental Mfg. Co.* v. *National Tooth Company*, 95 Fed. 291; *Atherton Machine Company* v. *Atwood-Morrison Company*, 102 Fed. 949, 955, approved in *Excelsior Wooden Pipe Company* v. *Pacific Bridge Company, infra*, at p. 294; *Victor Talking Machine Company* v. *The Fair*, 123 Fed. 424, 425; *Comptograph Co.* v. *Burroughs Adding Machine Co.*, 175 Fed. 787; *American Graphophone Co.* v. *Victor Talking Machine Co.*, 188 Fed. 431; *Lowry* v. *Hert*, 290 Fed. 876.

The cases cited as qualifying *Wilson* v. *Sandford* are *White* v. *Rankin*, 144 U. S. 628; *Excelsior Wooden Pipe Company* v. *Pacific Bridge Company*, 185 U. S. 282; *Henry* v. *Dick Co.*, 224 U. S. 1; *The Fair* v. *Kohler Die Company*, 228 U. S. 22; *Healy* v. *Sea Gull Specialty Company*, 237 U. S. 479, and *Geneva Furniture Co.* v. *Karpen*, 238 U. S. 254. We think that none of these cases shakes the authority of *Wilson* v. *Sandford* upon the point here in question, or can be used to sustain the present bill. The case which has been " blown upon " is that of *Hartell* v. *Tilghman, supra*, in which the opinion of the Court was delivered by Mr. Justice Miller, speaking for himself and three other Justices, and in which Mr. Justice Bradley

announced a dissenting opinion in which two others concurred. That case was a suit in equity in which the complainant set up a process patent and complained that defendants were infringing by using the process without license and prayed an injunction and a decree for profits and damages. The bill further averred that negotiations had been had between the parties looking to a license, beginning with a verbal agreement by complainant that he should put up machinery for use of defendants in their shop in using the patent, and that thereafter defendants should take a license on certain well understood conditions; that complainant under the verbal agreement put up the machinery and was paid for it, and received royalties under it for use of the patent for some months; that on tender of contract forms for the license defendants refused to sign, and that on such refusal complainant forbade defendants to use the process and brought the suit. The majority relied on *Wilson* v. *Sandford,* and held that the suit was not under patent laws; that complainant could not himself rescind the verbal contract, treat it as a nullity and charge the defendants as infringers, but must preliminarily seek rescission in a court of equity. Mr. Justice Bradley's view was that the plaintiff in his bill had chosen to place himself on the infringement of his patent as his sole ground and that by anticipation of the defense and his answer to it in his bill, as allowed by equity pleading, he did not change its nature.

In *White* v. *Rankin, supra,* it was held that a bill in equity for the infringement of letters patent for an invention, in the usual form, which did not mention or refer to any contract with the defendants for the use of the patent, could not be dismissed for lack of jurisdiction, because the defendants in a plea set up an agreement in writing between the plaintiffs and one of the defendants to assign to him an interest in the patent on certain conditions which he alleged he had performed, and certain other

matters which it was alleged had given the defendant the right to make, use and sell the patented invention. The plea being overruled and the answer filed, a stipulation in writing was entered into admitting that the defendants had made and sold· the articles containing the patented inventions, and that a certain written agreement had been made to the purport before mentioned. The decision of the Court was that the jurisdiction was established by the averments of the bill and that the defense constituted a mere issue as to the title to the patent, but could not oust the jurisdiction which rested on the averments of the bill.

In *Excelsior Wooden Pipe Company* v. *Pacific Bridge Company, supra,* an exclusive licensee filed a bill against the patentee and another party to whom the patentee had granted a conflicting license. This Court held that the patent jurisdiction of the court was not ousted by reason of allegations in the answer that the plaintiff had forfeited all his rights under the license through his failure to comply with its terms and conditions, by reason of which the license had been revoked by the patentee. Complainant was an exclusive licensee which sought damages for infringement of its license and the patent against the patentee and one to whom he had granted a subsequent and conflicting license. In such a case the licensee had the right to sue the patentee on the patent. *Littlefield* v. *Perry,* 21 Wall. 205; *Independent Wireless Telegraph Company* v. *Radio Corporation of America,* 269 U. S. 459. The case was held to be a suit for infringement under the patent laws, jurisdiction in which was not ousted because the patentee had led a third person to infringe the patent and the first license.

In *Henry* v. *Dick Company, supra,* the patentee for a kind of ink filed a bill for infringement against the users of his patent, whom the bill showed to be using the ink in connection with unpatented supplies not made by the

patentee, in violation of a license from the patentee limited to its use with its supplies. The case has been since reversed on the merits, *Motion Picture Co.* v. *Universal Film Co.*, 243 U. S. 502, but not on the point of jurisdiction. It was objected that the suit was not a suit under the patent laws but a suit on the license contract. It was held that the patentee might waive the contract and sue on the tort of infringement; that jurisdiction must depend on the remedy it chose and sought in its bill, and that, as the patentee had neither sued on the broken contract of license nor asked to have it forfeited by the court, the jurisdiction under the patent laws was not ousted.

In *The Fair* v. *Kohler Die & Specialty Company, supra,* the Kohler Company brought a bill in equity to enjoin The Fair from making and vending certain devices and selling them at less than $1.50 each, and asked an account and triple damages. The bill alleged that plaintiff had the sole and exclusive right to make and sell devices, and that the defendant had full notice thereof and was selling the same without license from the plaintiff. It alleged that the plaintiff, when it sold, imposed the condition that the goods should not be sold at less than $1.50, and attached to the goods a notice to that effect, and that any sale in violation of that condition would be an infringement. It further averred that the defendant obtained a stock of the devices with notice of the conditions and sold them at $1.25 each, in infringement of the plaintiff's right under the patent. The defendant pleaded specially that it had purchased these devices from a jobber who had paid full price to the plaintiff, and that there was no question arising under the patent or other laws of the United States, and that the court had no jurisdiction of the case. The case came on for hearing on the plea. This Court held that on the bill the plaintiff made a case under the patent laws in that it set up the patent, charged

infringement, and sought triple damages, and that in showing later in the bill that the infringement consisted in a sale at a less price than that which it had authorized in an admitted license, it did not oust the court of jurisdiction, because it might appear upon further hearing of the cause on its merits that the restriction of the license upon which the claim of infringement was based was not valid.

In *Healy* v. *Sea Gull Specialty Company, supra,* the bill alleged ownership of the exclusive right to make and use box-making machines and sell boxes containing the patented improvements. It further alleged that the defendant was infringing the patents and would continue to do so unless restrained. Anticipating a defense, the plaintiff set out a license to the defendant, a breach of its conditions and a termination of the same. It added that the license contained a stipulation that, in case of any suit for infringement, the measure of recovery should be the same as the royalty agreed upon for the use of the inventions, and another for the return of the machines let to the defendant while the license was in force. The bill prayed for an injunction against making, using or selling the boxes or machines, for an account of profits received by reason of the infringement, for triple the damages measured as above stated, and for the surrender of the machines. In sustaining the jurisdiction as arising under the patent laws, the Court used these words:

" It may be that the reasoning of *The Fair* v. *Kohler Die & Specialty Company,* 228 U. S. 22, is more consistent with that of Mr. Justice Bradley's dissent in *Hartell* v. *Tilghman,* 99 U. S. 547, 556 (a decision since explained and limited, *White* v. *Rankin,* 144 U. S. 628), than with that of the majority, but it is the deliberate judgment of the court and governs this case. As stated there, the plaintiff is absolute master of what jurisdiction he will appeal to; and if he goes to the District Court for

infringement of a patent, unless the claim is frivolous or a pretence, the District Court will have jurisdiction on that ground, even though the course of the subsequent pleadings reveals other more serious disputes. *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.,* 185 U. S. 282. Jurisdiction generally depends upon the case made and relief demanded by the plaintiff, and as it can not be helped, so it can not be defeated by the replication to an actual or anticipated defence contained in what used to be the charging part of the bill. For the same reason it does not matter whether the validity of the patent is admitted or denied.

"As appears from the statement of it, the plaintiffs' case arose under the patent law. It was not affected by the fact that the plaintiffs relied upon a contract as fixing the mode of estimating damages or that they sought a return of patented machines to which if there was no license they were entitled. These were incidents. The essential features were the allegation of an infringement and prayers for an injunction, an account of profits and triple damages—the characteristic forms of relief granted by the patent law. The damages were grounded on the infringement, and the contract was relied upon only as furnishing the mode in which they should be ascertained."

In *Geneva Furniture Co.* v. *Karpen, supra,* the patentee charged the defendants in his bill in equity with contributing to the infringement by wrongfully persuading the licensees of the complainant to use the patent in circumstances not authorized by the license, second, with wrongfully procuring such licensees to violate their licenses in particulars not bearing on the charge of infringement, and third, with refusing to perform stipulations by which defendants agreed to assign other patents to plaintiff. Jurisdiction of the court under the patent laws which was the sole basis of jurisdiction was sustained for the first branch of the suit, because the claim of infringement

w··· not frivolous but substantial and there was jurisdiction whether the claim ultimately was held good or bad. The remainder of the bill was found not sustainable as arising under the patent laws because based on contract, and while, under the equity practice, the parts of the bill were properly joined, such practice must yield to a jurisdictional statute, and the bill was dismissed as to its second and third branches.

The result of these cases is, that a federal district court is held to have jurisdiction of a suit by a patentee for an injunction against infringement and for profits and damages, even though, in anticipation of a defense of a license or authority to use the patent, the complainant includes in his bill averments intended to defeat such a defense. If these averments do not defeat such defense, the patentee will lose his case on the merits, but the court's jurisdiction under the patent laws is not ousted. The error in *Hartell* v. *Tilghman, supra,* was in denying jurisdiction under the patent laws when the patentee based his action broadly on his patent and averment of infringement seeking injunction and damages. His averments intended to constitute a reply to the anticipated defense that the defendant was a licensee did not change the nature of his declared choice of a suit under the patent laws. This, under the principle now established by the later cases, and especially *The Fair* v. *Kohler Die & Specialty Company,* and *Healy* v. *Sea Gull Specialty Company,* is clear. But the present qualification of the *Hartell Case* does not affect the principle laid down in *Wilson* v. *Sandford,* that where a patentee complainant makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its covenants, or for a specific performance thereof, or asks the aid of the Court in declaring a forfeiture of the license or in restoring an unclouded title to the patent, he does not give the federal district court jurisdiction of the cause as one arising under the patent laws. Nor may he confer it in such a case by

adding to his bill an averment that after the forfeiture shall be declared, or the title to the patent shall be restored, he fears the defendant will infringe and therefore asks an injunction to prevent it.   That was *Wilson* v. *Sandford.*  If in that case the patentee complainant had based his action on his patent right and had sued for infringement, and by anticipation of a defense of the assignment had alleged a forfeiture by his own declaration without seeking aid of the court, jurisdiction under the patent laws would have attached, and he would have had to meet the claim by the defendant that forfeiture of the license or assignment and restoration of title could not·be had except by a decree of a court, which if sustained, would have defeated his prayer for an injunction on the merits. But when the patentee exercises his choice and bases his action on the contract and seeks remedies thereunder, he may not give the case a double-aspect, so to speak, and make it a patent case conditioned on his securing equitable relief as to the contract.   That is the principle settled by *Wilson* v. *Sanford* and is still the law.

It is true that, in Mr. Justice Bradley's dissenting opinion in *Hartell* v. *Tilghman, supra,* p. 559, he says, in reference to *Wilson* v. *Sanford,* that if the question were a new one he would think that it would not oust the jurisdiction under the patent laws for the complainant to join in a bill for infringement as ancillary to the relief sought an application to avoid an inequitable license.   But no subsequent case has gone so far, and we are not disposed to depart from the rule of *Wilson* v. *Sandford,* whatever might be our conclusion if it were a new question.   Moreover, the bill in this case, as we have already fully pointed out, is really not based on threatened infringement but on the contracts; and its reference to infringements is inadequate even to present a bill in the form suggested by Mr. Justice Bradley.

The judgment of the District Court is

*Affirmed.*