## BLOSSFELD v. PACIFIC TANK & PIPE CO.

(District Court, N. D. California, S. D. June 28, 1926.)

No. 1588.

1. **Courts ⬅99(1)—Earlier ruling on motion to dismiss for lack of jurisdiction does not become law of case.**

Earlier ruling on motion to dismiss complaint for lack of jurisdiction does not become law of the case, so as to preclude subsequent motion to same effect.

2. **Courts ⬅290—Federal court has not jurisdiction of suit for royalty as one arising under patent law.**

Suit for royalties under contract for use of patent is not one arising under patent laws, so as to confer jurisdiction on federal court.

3. **Courts ⬅299—Plaintiff's statement must show existence of federal question in order to confer jurisdiction.**

Existence of federal question must appear from plaintiff's statement of his own case, in order to warrant federal jurisdiction, and may not be shown by allegations as to what defense will be.

In Equity. Suit by Emil Blossfeld against the Pacific Tank & Pipe Company. On motion to dismiss complaint. Complaint dismissed.

Harry Gottesfeld, of San Francisco, Cal., for plaintiff.

Bion S. Gregory and Charles E. Townsend, both of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. This is a suit by a patentee for royalties under a written contract permitting defendant the use of United States letters patent No. 1,450,060. A motion to dismiss the complaint, as not within our jurisdiction, already has been denied, and the matter is again before the

court on defendant's motion, suggesting that there is no right to proceed.

[1] Plaintiff argues that the earlier ruling has become the law of the case, and that it therefore may not be set aside. Were not the jurisdiction of the court in question, this must have been conceded. Commercial Union of America, Inc., v. Anglo-South American Bank, Limited (C. C. A. 2) 10 F.(2d) 937. But in a leading case upon the subject the following language is quoted: "The principle established in all jurisdictions is that, so long as the facts remain the same, the rule of law once held by the court of last resort remains the rule throughout the subsequent history of the cause, in all its stages, *except under extraordinary circumstances. * * *"* Commercial Union of America, Inc., v. Anglo-South American Bank, Ltd., supra. It would be not only an extraordinary but a useless thing to permit the trial of a case which, on the allegations of the complaint, must be dismissed for want of jurisdiction at the close of the plaintiff's case; which, if not then dismissed, must be dismissed, on the court's own motion (Rose on Federal Jurisdiction and Procedure [3d Ed.] § 9; Id. [2d Ed.] § 9), at any time before entry of a final decree at which the lack of jurisdiction was suggested; and which, on appeal, would be dismissed, rather than reviewed, because of lack of jurisdiction in the trial court (Rose [3d Ed.] § 7; Id. [2d Ed.] § 7).

[2] As to the main question, there is no longer any room for doubt. The case of Luckett v. Delpark, Incorporated, 270 U. S. 496, 46 S. Ct. 397, 70 L. Ed. 703, decided by the Supreme Court of the United States on April 12, 1926, is absolute authority for defendant's present contention: A suit for royalties is not one "arising under the patent laws." The complaint accordingly must be dismissed; for, in the language of the Supreme Court, "its main and declared purpose is to enforce the rights of the plaintiff under his contracts with defendants for royalties." Luckett v. Delpark, Incorporated, supra.

[3] The fact that, as plaintiff intimates and defendant admits, the validity of a patent may become material at the trial, is irrelevant. The existence of a federal question must appear from the plaintiff's statement of his own case, and may not be shown by allegations as to what the defense will be. Rose (3d Ed.) §§ 228, 229; Id. (2d Ed.) §§ 203, 204. Under the circumstances it would be, not only an idle act to proceed, but the breach of a mandatory duty; for, unless convinced that it has jurisdiction to act at all, a court of

the United States may not proceed. The allegations of the complaint are such as to leave me without discretion to entertain this suit. It therefore must be dismissed.

So ordered.