### STORM WATERPROOFING CORPORATION v. L. SONNEBORN SONS, Inc.

District Court, D. Delaware. September 14, 1928.

No. 690.

116

Robert H. Richards, of Wilmington, Del., and Charles H. Wilson, of New York City, for plaintiff.

Daniel O. Hastings, of Wilmington, Del., and Gilbert & Gilbert, of New York City, for defendant.

MORRIS, District Judge. Relying upon Luckett v. Delpark, 270 U. S. 496, 46 S. Ct. 397, 70 L. Ed. 703, and Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344, the defendant moves that this suit in equity be dismissed for want of jurisdiction, in that each of the parties is a corporation of the state of Delaware, and in that, as it contends, the facts set out in the bill of complaint disclose that the suit is not one arising under the trade-mark statutes, notwithstanding it appears from the bill of complaint that the trade-mark therein alleged to have been infringed has been registered in accordance with the laws of the United States.

The facts upon which this contention is based are found in the allegations, following some of those touching the adoption and the registration of the mark "Stormtite" by the plaintiff or its predecessors, and its infringement by the defendant, that a purported contract was entered into by and between Walter H. Storm, president of the plaintiff, and the defendant, to divest the plaintiff of its rights in and to the mark, and in the presence of a prayer of the bill, in addition to those for injunction and damages, that the court "void, nullify, and set aside the aforesaid purported agreement between said Storm and defendant."

The legal principle invoked is, briefly and generally stated, that a plaintiff, who by his bill seeks judicial relief from a contract, and, as well, trade-mark relief conditioned on his securing equitable relief as to his contract, does not present a case under the trade-mark statutes. Luckett v. Delpark, supra; Wilson v. Sandford, supra. The plaintiff does not dispute this principle, but asserts that it is not here pertinent, and that the applicable rule of law is that a suit is within the jurisdiction of the Dis-

trict Court, as arising under the trademark laws, where the bill seeks an injunction against infringement of a registered trade-mark, even if the bill contains averments in denial of an anticipated defense of an assignment of the mark, or of a license or authority to use it. Trade-Mark Laws 1905, § 17 (15 USCA § 97); Luckett v. Delpark, supra, and cases cited therein.

The question thus presented is one having to do more with the construction of the bill of complaint than with the law as stated in the cases relied upon. The most pertinent allegations of the bill are those found in the following paragraphs:

"XXXI. That theretofore, to wit, on or about the 12th day of September, 1927, the defendant induced the said Walter H. Storm, then president of the complainant corporation, to enter into a conspiracy with it whereby the latter would attempt to divest the complainant of all of its assets, including its exclusive right to 'Stormtite' as a trade-mark for waterproofing coating materials, in consideration of which defendant gave the said Storm a large sum of money as a bribe to induce the latter to enter into the conspiracy.

"XXXII. That the said Walter H. Storm accepted said bribe and signed what purported to be an agreement between the defendant and complainant company, whereby the latter was to divest itself of its assets and its exclusive rights in its trademark 'Stormtite,' without the knowledge of the holders of the majority of the capital stock of the complainant company, and that the said alleged agreement was entered into by the defendant and the said Walter H. Storm, without the consent of the complainant corporation, and without the knowledge or consent of the holder or holders of the majority stock interest in the corporation. That complainant is informed and verily believes that statements appearing in said purported agreement, signed and sworn to by said Storm, constitute false swearing, and that defendant induced said Storm to sign and swear to such false statements by the payment of a large sum of money as a bribe. That no part of the moneys or other property paid by defendant to Storm was turned over by the latter to complainant, no consideration is alleged in said alleged agreement, and the alleged agreement is void for lack of consideration.

"XXXIII. That the acts of the defendant, in * * * the bribing of the said Storm by defendant, constituted conspiracy on the part of the defendant, were unlawful and unconscionable, and all formed a part of the scheme or machination of defendant unlawfully to deprive complainant of its right to the exclusive use of the trade-mark 'Stormtite' for waterproofing coating materials, and this honorable court will be petitioned to set aside and cancel said alleged agreement between said Storm and the defendant as illegal, unconscionable, void, and of no effect."

In addition the bill expressly alleges that "the jurisdiction of this court arises by reason of the fact that this is a suit in equity involving the trade-mark laws of the United States." This, however, is here of but little importance, as it is a conclusion of law and fact. Jurisdiction must be made to appear from the pleaded facts. Continental Ins. Co. v. Rhoads, 119 U. S. 237, 7 S. Ct. 193, 30 L. Ed. 380; Bushnell v. Kennedy, 9 Wall. 387, 390, 19 L. Ed. 736. Moreover, the facts pleaded must be interpreted in the light of the presumption that a cause is without the limited jurisdiction of a federal court unless the contrary affirmatively appears. Grace v. American Central Ins. Co., 109 U. S. 278, 283, 3 S. Ct. 207, 27 L. Ed. 932; Hanford v. Davies, 163 U. S. 273, 279, 16 S. Ct. 1051, 41 L. Ed. 157; Robertson v. Cease, 97 U. S. 646, 649, 24 L. Ed. 1057.

Even in exact equipoise, the construction of the allegations must be against the pleader; whose duty it is to see to it that no ambiguity or uncertainty occurs in his pleadings, and no intendments are to be made in favor of complainant's case that do not naturally result from the facts stated. Story's Equity Pleading, § 452a; Phelps v. McDonald, 99 U. S. 298, 305, 25 L. Ed. 473.

Moreover, the plaintiff must frame his pleading with reference to some particular theory upon which he bases his right to relief. The pleading cannot be made elastic, so as to bend to changing views of counsel as the cause proceeds. It must proceed to the end upon the theory upon which it is constructed. It must be good on the theory upon which it proceeds, or it will not be sufficient, though it states facts enough to be good on some other theory, for the plaintiff can have no relief on a theory different from that disclosed by his pleading. Kibler's Adm'r v. Whiteman, 2 Harr. (Del.) 401; Toledo, etc., R. Co. v. Levy, 127 Ind. 168, 26 N. E. 773; Seeberger v. Schlesinger, 152 U. S. 581, 585, 14 S. Ct. 729, 38 L. Ed. 560.

The importance of such a preliminary

theory cannot be overestimated either in the preparation of pleadings or in the presentation of evidence. A proper theory of the case requires a clearly defined conception of both premises of the legal syllogism—of the dominant principle of law to be invoked and of the facts essential to bring the case within the operation of that principle. It requires more. It demands that the multitude of details which often hang as a fringe upon the facts vital to the issue be assigned to their subordinate position, and not raised in the pleadings to a rank equal to or greater than those essential to dictate the desired decree. A failure in this regard may change or make uncertain the principle of law dominating the case, and so give to the case in legal contemplation a main object and purpose not extrinsically intended. Brumbaugh's Legal Reasoning and Briefing, 361 et seq., 21 Enc. of Pl. & Pr. 649.

The inclusion of the facts of the quoted paragraphs in a bill of complaint seeking a decree enjoining the infringement of a trade-mark might possibly find justification upon a theory that they are properly pleadable in support of a claim for special or exemplary damages, or as an anticipatory replication, or to have the assignment or license annulled by the court, to the end that an unclouded title to the trade-mark might be restored, and an injunction against its infringement granted. The specific question here, however, is which, if any, of these three theories, is disclosed by the bill of complaint in the case at bar, for, as I understand Luckett v. Delpark, jurisdiction would exist under the first and second theories, but would be wanting under the third.

■ The quoted allegations are intermingled with those having to do with infringement. They make no reference to damages. The prayer for the assessment of damages is for actual, not exemplary, damages. Again, the right of a plaintiff to expedite his cause, by inserting in his bill in the first instance his replication to an anticipated defense, has long been recognized. But the usual way of doing this was, formerly, by alleging that the defendant pretended certain facts to be true, and then charging them to be untrue, but, if true, that certain other facts, set out in the replication to destroy the effect of defendant's pretenses, were likewise true. Modern rules of equity pleading have eliminated the necessity for a close adherence to the old chancery forms. But under the later rules,

as under the earlier, the bill of complaint must make out a case. What that case is, its theory, its main purpose, its dominant major premise or principle of law, depends, as formerly, upon the facts pleaded, the way in which they are stated, and the relief sought.

■ An examination of the bill in the case at bar reveals no indication that the quoted averments were included upon the theory that they constitute an anticipatory replication. Facts pleaded upon that theory are employed solely as a shield, a defense to a counter attack. Their function and purpose are completely performed in repelling the attack. Facts so pleaded constitute no basis for affirmative relief. The prayer for judicial aid in setting aside the purported contract, the failure of the pleader to assign, by his manner of pleading or by some expression in the bill, the quoted facts to a rank or station subordinate to the allegations touching infringement of the trade-mark, the whole tenor of the bill, are consistent only with a theory that the main purpose of the bill is to obtain a cancellation of the contract, and, that accomplished, injunctive and other trade-mark relief. Such bills do not, however, present a case arising under the trade-mark statutes.

The motion to dismiss must be granted.