UNITED STATES FIRE PROTECTION CO. et al. v. MONOCEL, Inc., et al.

Civ. No. 3185.

District Court, D. New Jersey.

Dec. 22, 1943.

John B. Applegate, of Hoboken, N. J. (Ira Milton Jones, of Milwaukee, Wis., of counsel), for plaintiffs.

Putney, Twombly & Hall, of New York City (James J. Cannon, of Glen Rock, N. J., of counsel), for defendant Walter J. Willenberg.

Edward Handelman, of New York City, for defendant Monocel, Inc.

SMITH, District Judge.

This is a civil action which has for its objects: first, the compulsory assignment of a patent; second, the restraint of further infringement of the said patent; and third, an accounting for profits and a recovery for damages. It is alleged by the plaintiffs that the action is one arising under the patent laws, and it is conceded that the jurisdiction of the court is not otherwise sustainable. The defendants, controverting the said allegation, move to dismiss the action on the ground that the court lacks jurisdiction. The nature of the suit is clearly determinative of the sole question thus presented.

It is apparent, when the prayers for relief are read and considered in the light of the allegations of the complaint, that this is a suit in equity in which equitable principles, and not the patent laws, are determinative of the rights and liabilities of the respective parties. The plaintiffs assert equitable ownership of the patent but admit that the legal title thereto is in the defendants. It is clear that under these facts the right of the plaintiffs to enjoin the alleged infringement is conditional upon their acquisition of the legal title. The question of title must first be adjudicated. The pri-

mary object of the action is to compel an assignment of the patent; the other objects are merely incidental. It follows that the present motion must be granted. 28 U.S. C.A. § 41, subd. (7); Wilson v. Sandford, 10 How. 99, 13 L.Ed. 344; Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703; Lowry v. Hert, 6 Cir., 290 F. 876; Smith Separator Corp. v. Dillon, 10 Cir., 98 F.2d 521; Lion Mfg. Corporation v. Chicago Flexible Shaft Co., 7 Cir., 106 F.2d 930; Leaver v. Parker, 9 Cir., 121 F. 2d 738; Laning v. National Ribbon & Carbon Paper Mfg. Co., 7 Cir., 125 F.2d 565; Dill Mfg. Co. v. Goff, 6 Cir., 125 F.2d 676.

The case of Dill Mfg. Co. v. Goff is Apposite. There the Court, in passing upon a similar suit, said, at page 679 of 125 F.2d:

"The appellant, as indicated, is not the patentee of the invention here involved, nor is it the assignee thereof or an exclusive licensee thereunder. It bases its right to sue for infringement on its claim as the equitable owner of the patent by reason either of a covenant on the part of the inventor, or an implied obligation arising from his employment to assign the patent. Its status as equitable owner of the patent, however, is denied, and there is, as yet, no determination that it has title. The appellant urges that the suit is one in equity, which looks to substance rather than form and regards as done that which should have been done. Its principal reliance is the case of Littlefield v. Perry, supra [21 Wall. 205, 22 L.Ed. 577], but the suit there was brought by assignees with a recorded interest in the patent. There was no challenge to the fact of assignment, though it was sought to limit its scope by an unrecorded supplementary agreement. Whether technically assignees or licensees, the complainants could maintain their suit under the patent laws in the Federal Court. The present appellant has no such status. It has no record or other title,—it seeks to secure it. To get it, requires the aid of the court of equity. Granted that equity regards as done that which should have been done, that which should have been done still remains to be determined, and so the maxim does not help.

"At the risk of repetition it must be made clear that the present case is not one wherein suit for infringement is brought by one holding title even though his title be challenged and charged with infirmity. It is a suit wherein title first must be adjudicated, with adjudication dependent entirely upon the principles and rules of equity and involving in no degree the act of Congress conferring or protecting patent rights."

The pertinency of this language makes a further discussion unnecessary.

The cases upon which the defendants rely, and particularly Littlefield v. Perry, 21 Wall. 205, 22 L.Ed. 577, are distinguishable on their peculiar facts. See also Excelsior Wooden Pipe Co. v. Pacific Bridge Company, 185 U.S. 282, 22 S.Ct. 681, 46 L. Ed. 910; Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; Healy v. Sea Gull Specialty Co., 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056.

The complaint is dismissed for the reasons herein stated.