## BINGER et al. v. UNGER et al.

District Court, S. D. New York.
June 3, 1946.

Harry Price, of New York City, for plaintiff.

Samuel Stephen Baker, of New York City, for defendants.

RIFKIND, District Judge.

Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides:

"A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded".

Rule 8(e) (1) provides:

"Each averment of a pleading shall be simple, concise, and direct."

To illustrate what is meant by "a short and plain statement of the claim" there is annexed to the Rules and Appendix of Forms.

 The complaint, challenged by the motions to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted, violates both the letter and spirit of the rules. It is verbose, confusing, equivocal, replete with evidentiary matter and peppered with "and/ors." It unnecessarily complicates the task of the judge attempting to ascertain whether the court has jurisdiction and whether the complaint alleges a sufficient claim.

Were this a "home drawn" complaint, Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774, it might be obligatory upon the court to make the effort necessary to reframe the allegations so that the issues of jurisdiction and the quality of the claim to support relief might be isolated and inspected. This complaint, however, is lawyer drawn; and no valid reason appears why that effort should not be made by the pleader.

If the fair construction of the first cause of action of the complaint is that plaintiffs assert equitable ownership of a patent, admitting legal title to reside in others, that the gravamen of the action is to determine title to the patent, and that its incidental objects are to restrain infringement, it is not one arising under the patent laws, 35 U.S.C.A. § 1 et seq.; and if so, the court is without jurisdiction. Jud.Code, § 24(7), 28 U.S.C.A. § 41(7). U. S. Fire Protection Co. v. Monocel, Inc., D.C.N.J.1943, 53 F.Supp. 989, 990; Dill Mfg. Co. v. Goff, 6 Cir., 1942, 125 F.2d 676, 678, 679, certiorari denied 317 U.S. 672, 63 S.Ct. 77, 87 L.Ed. 540; Laning v. National Ribbon & Carbon Paper Mfg. Co., 7 Cir., 1942, 125 F.2d 565, 566–568.

Such a construction of the first cause of action is plausible.

The second cause of action defies my understanding.

The complaint is dismissed with leave to amend.