**RESEARCH FRONTIERS INCORPO-
RATED, Plaintiff,**

v.

**MARKS POLARIZED CORPORATION,
Alvin M. Marks and Mortimer M. Marks,
Defendants, and Robert Saxe, Morton
Berger and Robert Thompson, Counter-
Defendants.**

**No. 67 Civ. 1149.**

United States District Court
E. D. New York.

Sept. 30, 1968.

Feldshuh & Frank, New York City, Sidney Feldshuh, New York City, of counsel, for plaintiff.

Hopgood & Calimafde, New York City, John M. Calimafde, New York City, of counsel, for defendants.

## OPINION AND ORDER

JUDD, District Judge.

A motion to dismiss the complaint raises the question whether plaintiff has stated a claim for infringement of patents of which it is the exclusive licensee, or merely a claim for breach of the license agreements.

The complaint recites that plaintiff holds exclusive licenses from defendants to make, use and sell products and processes embodying inventions covered by certain patents. The agreements name twenty-one United States patents and twenty-five applications for United

States patents relating to the polarization of light and other fields apparently related thereto. Certain foreign patents and applications are also covered by the license agreements. Each agreement recites that the defendants have granted plaintiff "an exclusive license, including the right to grant sub-licenses, to make, use and sell products and processes under the licensed patents and licensed applications."

Infringement of the licenses is alleged, without reference to any specific patents. It is asserted that defendants manufactured and sold polarized sheets and polarized lenses to others. Additional claims are asserted against defendants, based on their negotiations with named companies for use of the same inventions licensed to plaintiff, thereby frustrating plaintiff's efforts to exploit its licenses. The allegations of improper license negotiations constitute a larger portion of the complaint than the allegations of infringing manufacture and sale.

The complaint seeks an injunction, ordinary and punitive damages, and counsel fees.

Defendants served an answer and amended answer, asserting defenses and counterclaims, obtained an order adding counter-defendants, and served notices of taking depositions, which have survived motions for protective orders. There were already twenty-five entries in this Court's docket before the motion to dismiss was filed.

■ The proceedings already taken would not prevent dismissal for lack of jurisdiction, for that question may be raised even after judgment. Smith Separator Corp. v. Dillon, 98 F.2d 521 (10th Cir. 1938). If jurisdiction exists, however, they are relevant to the Court's exercise of discretion whether to retain jurisdiction of pendent causes of action.

■■ If the complaint stated only a claim for breach of a patent license agreement, and not an infringement or threatened infringement of patents, jurisdiction would be in the state courts, there being no diversity of citizenship.

Luckett v. Delpark, Inc., 270 U.S. 496, 510–511, 46 S.Ct. 397, 70 L.Ed. 703 (1926). On the other hand, an exclusive licensee of a patent may sue for infringement of the patent. Wilborn & Sons, Inc. v. Brandex Tilt Sash, Inc., 380 F.2d 44 (7th Cir. 1967). He may sue his licensor in the federal courts under the patent laws, even though the licensor is the owner of the patents he is charged with infringing. Littlefield v. Perry, 88 U.S. 205 (21 Wall. 205) 22 L.Ed. 577 (1874); E. I. S. Mfg. Co., Inc. v. Supco Products Corp., 26 F.Supp. 758 (S.D.N.Y. 1938).

■ The fact that the license is subject to rights previously granted to others, does not prevent the license agreement from being an "exclusive" license under section 1 of the Patent Law (35 U.S.C. § 261). It is sufficient that the license agreement bars the licensor from enlarging the scope of existing licenses or increasing the number of licenses. Mechanical Ice Tray Corp. v. General Motors Corp., 144 F.2d 720, 725 (C.C.A. 2, 1944).

■ The issues here would have been clarified if plaintiff had expressly alleged infringement of "patents" instead of infringement of the "exclusive licenses" granted by the patentee-defendant. Such verbal niceties should not be decisive of the sufficiency of a pleading, even on allegations of jurisdiction, under the present practice of "notice pleading." A. T. Brod & Co. v. Perlow, 375 F.2d 393, 398 (2d Cir. 1967); Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944). An allegation that the patentee-licensor has infringed the exclusive license by "manufacture, use and sale" of specified products gives notice that infringement of patents is claimed. Particulars concerning which patents are infringed can be obtained through discovery proceedings.

It is assumed for purposes of this motion that the claims based on negotiations between defendants and others are not of themselves subject to federal jurisdiction, in the absence of any allegations that they resulted in the manufac-

ture, use or sale of patented products or processes. Half a century ago, it would have been necessary to split the lawsuit, and dismiss these portions of the complaint. Geneva Furniture Mfg. Co. v. S. Karpen & Bros., 238 U.S. 254, 259, 35 S.Ct. 788, 59 L.Ed. 1295 (1915). Intervening changes in the Federal Rules of Civil Procedure and extension of the doctrine of pendent jurisdiction put in question the continuing viability of the *Geneva* case.

■■ Where a valid ground of federal jurisdiction exists, the Court may also consider state claims which derive from "a common nucleus of operative fact." The current test has been stated by the Supreme Court as:

"The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). (Emphasis from original.)

Pendent jurisdiction is to be exercised in the Court's discretion, based on "judicial economy, convenience and fairness to litigants" (id. at 726, 86 S.Ct. at 1139).

Even before the *Gibbs* case, the Second Circuit Court of Appeals had recognized a widening scope for pendent jurisdiction, where there was an overlap of factual basis between patent or trademark and unfair competition claims. Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538, 543–544 (2d Cir. 1956); 28 U.S.C. § 1338(b). The same liberal application of the rule has been extended to claims of misappropriation of trade secrets (A. H. Emery Co. v. Marcan Products Corp., 268 F.Supp. 289, 292 [S.D.N.Y.1967]), anti-trust law violations (David & David, Inc. v. Myerson, 277 F.Supp. 973, 979 [E.D.N.Y.1966]),

fraudulent transfers (Bartle v. Markson, 357 F.2d 517, 522–523 [2d Cir. 1966]), and foreign patents (Ortman v. Stanray Corp., 371 F.2d 154 [7th Cir. 1967]).

■ Applying the rule of the *Gibbs* case to the pleadings before us here, the license agreements and the various United States patents and patent applications provide a "common nucleus of operative fact." Defendants' counterclaims, seeking to annul the license agreements, could be pleaded in defense to the patent infringement portions of the complaint (Wilborn & Sons, Inc. v. Brandex Tilt Sash, Inc., 380 F.2d at 47), and pleaded again in the state court if a separate action there were required on the claims based on negotiations between the defendant and others.

Acceptance of pendent jurisdiction is also indicated by the tendency to require a plaintiff to try his whole case in a single action (United Mine Workers v. Gibbs, 383 U.S. at 725 n. 13, 86 S.Ct. 1130). A plaintiff with two claims against the same defendants, based on breach of the same agreements, would normally be expected to try both claims in one proceeding, thus bringing its case within the test stated in the *Gibbs* opinion (383 U.S. at 725, 86 S.Ct. 1130).

The extent of effort already put into this case is a proper factor for consideration. A. H. Emery Co. v. Marcan Products Corp., 268 F.Supp. at 292–293. The burden on the litigants, and on the state courts, if two actions were required, is also relevant. Although the state courts are a separate judicial system, they are partners of the federal courts in the administration of justice. Easing the burden of a federal court by removing part of a case to the state courts, where such a removal is not required, would be unfair treatment of an already over-burdened partner. Leaving the entire case joined in the federal venue promotes judicial economy and the convenience of the parties. American Foresight of Philadelphia, Inc. v. Fine Arts Sterling Silver, Inc., 268 F.Supp. 656 (E.D.Pa. 1967).

"Judicial economy, convenience and fairness to litigants" all point to the exercise of pendent jurisdiction, and the power exists to exercise it.

The motion to dismiss is denied.

This opinion shall serve as an order.